■ In the Matter of KIMBERLY I., a Child Alleged to be Permanently Neglected. JAMES A. DODDS, as Commissioner of the Delaware County Department of Social Services, Respondent; DONNA MAY I., Appellant.— Appeal from an order of the Family Court of Delaware County, entered December 6, 1978, which permanently terminated appellant mother's custody of her daughter and awarded custody to petitioner Department of Social Services with the direction that it take immediate steps to place the child for adoption as soon as practicable. On May 27, 1976 appellant gave birth to her daughter, Kimberly, and when the child was eight months of age, petitioner Department of Social Services of Delaware County (agency) petitioned to have her adjudged a neglected child. Subsequently, on January 25, 1977, the parties entered into a stipulation whereby the agency was granted custody of Kimberly, appellant's aunt was selected as Kimberly's foster mother, and appellant was granted the right to visit Kimberly twice a week. Later, on May 31, 1978, the agency petitioned to have the child adjudicated as permanently neglected and to have appellant permanently deprived of the child's custody, and following a hearing on September 8, 1978, Family Court concluded that appellant had permanently neglected the child. There ensued a dispositional hearing on November 14, 1978, after which the court awarded custody of Kimberly to the agency with the direction that it take immediate steps to place the child for adoption as soon as practicable. On this appeal, we find that Family Court's order must be reversed. To prevail in a permanent neglect proceeding a party must prove his case by a fair preponderance of the evidence (Family Ct Act, § 622;

Social Services Law, § 384-b, subd 3, par [g]; see, also, *Matter of Anthony L. CC,* 48 AD2d 415, mot for lv to app den 37 NY2d 708), and, in our view, the agency has not carried this burden of proof in this instance. Applying the pertinent statutory guidelines to this case (Family Ct Act, § 614, subd 1, par [d]; Social Services Law, § 384-b, subd 7, par [a]), we find that there were unquestionably numerous contacts between appellant and Kimberly during the period of foster care, and these contacts cannot justifiably be considered insubstantial (see Social Services Law, § 384-b, subd 7, par [b]) merely because at some of the meetings it appeared to agency caseworkers and the foster mother that there was little interaction between mother and child. Since appellant was admittedly not a talkative person, but rather uncommunicative with almost everyone, her subdued conduct at the subject meetings plainly does not establish a lack of concern on her part for her daughter. Additionally, we find that appellant has taken substantial strides to provide adequate shelter and a stable home for Kimberly. She has married and moved with her husband to Pennsylvania where the couple resides in a home which is equipped with running water and toilet facilities and which the couple is in the process of "fixing up". Moreover, evidence in the record indicates that appellant has a new baby for whom she provides satisfactory care and that her husband has the desire for and reasonable prospects for employment and should be able to find work once his temporary health problems are rectified. Under these circumstances, we conclude that appellant has demonstrated by her conduct and actions that she has planned for the future of Kimberly to the extent of her limited capabilities (cf. *Matter of Leon RR,* 48 NY2d 117), and the present situation is readily distinguishable from that in *Matter of Donna Dorene "G"* (70 AD2d 188) wherein we affirmed a finding of permanent neglect. Lastly, we note that appellant has taken these steps to establish a suitable home for Kimberly with little help from the agency despite its statutory duty to make "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law, § 384-b, subd 7, par [a]; Family Ct Act, § 614, subd 1, par [c]). The agency's caseworkers held few meetings with appellant relative to her planning for Kimberly's future and gave her little affirmative aid other than generally to advise her that she must have a suitable living arrangement and be able to properly care for the child. That being so, the agency obviously failed to make the mandated "diligent efforts" (Social Services Law, § 384-b, subd 7, par [f]), and there has been no showing that such efforts would have been detrimental to the best interests of Kimberly (see *Matter of Leon RR, supra).* Such being the case, we hold that the requisite "extraordinary circumstances" demonstrating persistent neglect of Kimberly by appellant have not been adequately proven so as to warrant such a drastic remedy as permanent severance of the parental tie *(Matter of Corey L v Martin L,* 45 NY2d 383, 391; see, also, *Matter of Anita PP,* 65 AD2d 18). Accordingly, the order appealed from must be reversed and the matter must be remitted to Family Court for consideration of the appropriate custody arrangement for Kimberly at this time. Order reversed, on the law and the facts, without costs, and the matter remitted to Family Court of Delaware County for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.