■ In the Matter of JENNIFER VV., Alleged to be a Permanently Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA VV. et al., Appellants. — Appeal from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered October 20, 1982, which adjudicated Jennifer VV. to be a permanently neglected child and directed her placement with the Broome County Department of Social Services for the purpose of adoption. The child who is the subject of the proceeding was born to respondents on August 29, 1979. Prior to birth, respondents advised petitioner that they were undecided as to whether they wanted to raise the child. After the birth of the child, respondents decided that they wanted to care for her and she lived with them for two months until she was removed by petitioner pursuant to a temporary order of Family Court. On December 18, 1979, Family Court found that the child had been neglected and placed her in petitioner's custody for one year. There were communications between petitioner and respondents until, on November 5, 1981, petitioner commenced this proceeding seeking to terminate respondents' parental rights. After separate fact-finding and dispositional hearings involving each respondent, Family Court ruled that the child had been permanently neglected (Social Services Law, § 384-b, subd 4, par [d]) and ordered her to be placed with petitioner for the purpose of adoption. This appeal by respondents ensued. Petitioner was required to prove permanent neglect on the part of respondents by clear and convincing evidence (*Santosky v Kramer,* 455 US 745; *Matter of Michael B.,* 58 NY2d 71). A child is permanently neglected where the parents have failed, for a period of more than one year following the date the child comes into the care of the agency, to substantially and continuously or repeatedly maintain contact with, or plan for the future of, the child although physically and financially able to do so, despite the agency's diligent efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]). In this case, Family Court found that, despite diligent efforts by petitioner, respondents' attempts to maintain contact with the child were sporadic and not substantial or continuous. Family Court also found that respondents failed to plan for the future of the child. Finally, Family Court found that respondents were physically and financially able to maintain contact with the child and plan for her future. The evidence indicates that petitioner attempted to schedule visits and meetings between respondents and the child, but that respondents failed to keep many of the appointments. It does appear that from February of 1980 to June of 1981, there were visits between respondents and the child. Moreover, after respondents moved to California in the summer of 1981, there were attempts made by telephone and through the mail to keep in touch with the child. While the contacts between the respondents and the child from February of 1980 to the commencement of this proceeding may not have been extensive or lengthy, it does appear that respondents did maintain relatively regular

contact with the child during this time (see *Matter of Kimberly I.,* 72 AD2d 831). Thus, we disagree with Family Court's conclusion that respondents failed to maintain contact with the child. However, it is apparent from the record that respondents completely failed to plan for the future of the child despite the fact that they were physically and financially able to do so (see Social Services Law, § 384-b, subd 7, par [c]). A finding of failure to plan for the future of the child will support a conclusion of neglect even where there is contact (*Matter of Orlando F.,* 40 NY2d 103). There is no evidence that respondents made any long range plans for the future of the child. Indeed, it is apparent that during the time period in question, respondents changed their minds several times regarding who should care for the child. It also appears that respondents' relationship with each other underwent substantial change during the past several years. Additionally, respondents made what was apparently an indefinite move to California in the summer of 1981 without informing petitioner or making interim plans for maintaining contact with the child. Moreover, after advising petitioner that they were in California, respondents resisted petitioner's efforts to ascertain their exact whereabouts. With regard to respondents' ability to plan for the child's future, the record reveals no evidence that they were physically unable to do so. While respondents are not well off financially, they have not demonstrated that their situation prevented them from developing realistic and feasible plans for the child's future. In addition, petitioner did attempt to explain to the child's mother the types of assistance which were available and how to apply for them. Lastly, the record demonstrates that petitioner clearly made diligent efforts to encourage and strengthen the parental relationship. We conclude that Family Court did not err in finding that the child was permanently neglected and directing her placement with petitioner for the purpose of adoption. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.