■ In the Matter of JOHN ZZ., a Child Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA ZZ., Appellant. (Proceeding No. 1.) In the Matter of TIFFANY A., a Child Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA ZZ., Appellant. (Proceeding No. 2.) [596 NYS2d 181] —Mercure, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 18, 1992, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate John ZZ. and Tiffany A. as permanently neglected children, and terminated respondent's parental rights.

Respondent's children, John ZZ. and Tiffany A., aged 21 months and 9 months, respectively, were placed in the custody and care of petitioner in June 1989 as the result of child abuse and neglect adjudications (see, Family Ct Act § 1012 [e] [ii]; [f] [i] [A]). Petitioner was ordered to undertake diligent efforts to strengthen the parental relationship and respondent was ordered to, among other things, accept and participate in services offered her. In July 1991 petitioner commenced these proceedings, alleging that the children were permanently neglected children and seeking to terminate respondent's parental rights. Following a December 1991 fact-finding hearing, Family Court found that respondent failed, inter alia, to plan for the children's future although physically and finan-

cially able to do so, despite petitioner's diligent efforts to encourage the parental relationship. Ultimately, Family Court issued an amended decision finding that respondent evinced a total lack of regard for the children and that her parental rights should be terminated. Respondent appeals from the dispositional order entered thereon.

We affirm. Initially, we reject the contention that there is not clear and convincing evidence in the record to support Family Court's finding that petitioner made diligent efforts to reunite respondent and the children (see, Matter of Jamie M., 63 NY2d 388, 393; Matter of Sheila G., 61 NY2d 368; see also, Social Services Law § 384-b [7] [f]). The testimony of Deb Shutts, a foster care caseworker for petitioner, Colleen Johnson, respondent's parent aide, and the children's foster mother, established petitioner's considerable efforts directed toward assisting respondent in obtaining employment, in finding a suitable residence and in acquiring basic homemaking skills, including household budgeting, nutrition, hygiene and child care. Petitioner's efforts were thwarted, however, by respondent's uncooperative and hostile attitude and her consistent refusal to participate in the services offered to her. "[A]n agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (Matter of Sheila G., supra, at 385). We also reject the contention that it was incumbent upon petitioner to establish that no mental disability prevented respondent from adequately planning for her children. First, petitioner's inability to establish respondent's mental condition was caused solely by respondent's refusal to attend a court-ordered psychological evaluation. Second, as properly argued by petitioner, mental inadequacy is not an acceptable excuse for failing to plan for the future of the children (see, Matter of Hime Y., 52 NY2d 242, 250-251; Matter of Dixie Lu EE., 142 AD2d 747, 749; Matter of Candie Lee W., 91 AD2d 1106, 1108).

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.