■ In the Matter of GEORGE U., Alleged to be a Permanently Neglected Child. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STANLEY U. et al., Appellants. [600 NYS2d 325] —Levine, J. Appeal from an order of the Family

Court of Washington County (Berke, J.), entered June 2, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate George U. a permanently neglected child, and terminated respondents' parental rights.

George U., the subject of this permanent neglect proceeding, is afflicted with Down's Syndrome and is physically handicapped and mentally retarded. At 4½ years of age, he functioned below a two-year-old level in motor skills and speech and language. The evidence at the fact-finding hearing established that he requires routine medical attention, cervical spine monitoring, a special diet and special feeding techniques. Due to his limited understanding of safety for himself, George also requires constant supervision. His therapy and special education necessitate intensive parental involvement. Additionally, his difficulty communicating makes it important for his caregivers to understand and communicate through sign language. Thus, as Family Court found, George has special needs which require exceptional understanding and attention by his custodians.

In July 1988, Family Court adjudicated George a neglected child. In November 1989, after twice finding that respondents violated the terms and conditions of its order, Family Court placed George in petitioner's care. This placement was extended twice without respondents' objection. Petitioner instituted the present permanent neglect proceeding due to respondents' alleged failure for more than one year to maintain substantial contact with George or to plan for his future, notwithstanding petitioner's diligent efforts to strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]). At the conclusion of this proceeding, Family Court found George to be permanently neglected and committed George's guardianship and custody to petitioner. This appeal followed.

The threshold inquiry in permanent neglect cases focuses upon the agency's diligent efforts to strengthen the parental relationship (see, e.g., Matter of Star Leslie W., 63 NY2d 136, 142). The evidence fully supports Family Court's finding that petitioner performed this duty. Petitioner arranged for counseling, parenting classes and sign language classes for respondents. Additionally, petitioner's caseworkers consulted with and informed respondents about George's needs and progress. The caseworkers visited respondents approximately 62 times, wrote approximately 71 letters and telephoned respondents on approximately 44 occasions concerning George. Petitioner also

arranged visits, and offered transportation, as well as transportation reimbursement, so that respondents could see George. Finally, petitioner arranged for semiannual service plan review sessions with respondents in order to discuss George's progress and the actions respondents should take in order to regain his custody.

Evidence in the record also fully supports Family Court's finding that respondents failed to plan for George's future for the requisite statutory period, despite petitioner's diligent efforts. Respondents' failure to plan is evident from their failure to utilize offered rehabilitative services. Respondents did not successfully participate in nor complete arranged counseling programs and George's father attended only one parenting class. As a psychologist and a counselor both testified, neither parent acknowledged a need to improve their parenting skills and they saw no reason for mental health therapy. Additionally, respondents failed to acknowledge the importance of sign language for George's communication and care. George's mother intermittently attended signing classes while George's father failed to attend a single class. Furthermore, respondents failed to involve themselves in George's schooling even though his schooling required intensive parental participation. Finally, respondents' planning failure is also evidenced by their attendance at only two of petitioner's four service plan review sessions which were designed to help respondents plan for George's return. The proof is overwhelming that respondents failed to utilize rehabilitative services designed to improve their parenting skills sufficiently to meet George's special needs.

Contrary to respondents' contention, George's mother's ability to sign a few basic words does not demonstrate respondents' planning. Her rudimentary ability is insufficient to maintain meaningful communication with George and to further his development. Thus, it does not demonstrate respondents' ability to provide appropriate care for George. Rather, respondents' failure to sufficiently avail themselves of the opportunity to obtain and improve their total communication skills indicates their failure to plan.

In view of our decision sustaining Family Court's determination of respondents' failure to plan, we need not address respondents' objections to Family Court's finding that they had also failed to maintain contact with George. Failure to perform either the duty to plan or to maintain contact is sufficient to establish permanent neglect *(Matter of Orlando*

*F.,* 40 NY2d 103, 109-110; *see also, Matter of Star Leslie W.,* 63 NY2d 136, 142-143, *supra).*

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.