■ In the Matter of TARA KK., a Child Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA LL., Appellant. [606 NYS2d 809] —Mercure, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered February 4, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Tara KK. a permanently neglected child and terminated respondent's parental rights.

Respondent's daughter Tara was born in October 1989 and came into petitioner's care in December 1990 pursuant to a voluntary placement agreement with respondent. In January 1992, petitioner commenced this proceeding for an adjudication that Tara was permanently neglected by respondent based upon allegations that respondent, among other things, failed to visit Tara or otherwise plan for her return or her future. Respondent admitted the allegations of the petition, presented evidence at a fact-finding hearing on the issue of whether petitioner made diligent efforts to encourage and strengthen the parental relationship, and waived a dispositional hearing (Family Ct Act § 625 [a]). Family Court granted the petition, found Tara to be a permanently neglected child and concluded that her best interests would be promoted by terminating respondent's parental rights. Respondent appeals.

We affirm. Respondent's sole contention on appeal, as in Family Court, is that petitioner's efforts to encourage and strengthen the parental relationship were legally insufficient as the result of actions undertaken by petitioner toward termination of respondent's parental rights with respect to

Tara's two older siblings and petitioner's failure to account for respondent's special psychological problems. We disagree. Although the close spacing of the children placed petitioner in the difficult position of working toward freeing respondent's older children for adoption while striving for respondent's reunion with Tara, the evidence adduced at the fact-finding hearing establishes that the requisite diligent efforts were made *(see, Matter of George U.,* 195 AD2d 718; *Matter of Albert T.,* 188 AD2d 934, 935-936). The contrary testimony of respondent's psychologist merely created a credibility issue for Family Court's determination *(see, Matter of Lyndell M.,* 182 AD2d 623). In a case such as this where an agency has " 'embarked on a diligent course' " but faces an uncooperative parent, it shall nonetheless be deemed to have fulfilled its duty *(Matter of La'Vetta Danile S. F.,* 194 AD2d 384, 385; *see, Matter of John ZZ.,* 192 AD2d 761, 762). Further, respondent's mental disabilities and inadequacies are not acceptable excuses for failing to plan for Tara's future or to maintain contact with her *(see, Matter of John ZZ., supra; see also, Matter of Hime Y.,* 52 NY2d 242, 250-251).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.