■ In the Matter of CHARLES K., a Child Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH L., Appellant. [609 NYS2d 116] —Weiss, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered July 20, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Charles K. a permanently neglected child and terminated respondent's parental rights.

By the time of the filing of the petition in this permanent neglect proceeding, Charles K. (born out of wedlock on May 24, 1979) had been in foster care for six of the 13 years of his life. His biological father surrendered parental rights in March 1991 sometime after respondent had signed a voluntary placement agreement with petitioner. On May 15, 1989 respondent consented to the entry of an order of neglect of the child, who has been in the custody of petitioner since April 1989. The instant proceeding pursuant to Social Services Law § 384-b was commenced January 10, 1992 to terminate respondent's parental rights on the ground she had failed, substantially and continuously, to maintain contact with or plan for the future of the child although physically and financially able to do so. Following an evidentiary hearing, Family Court sustained the petition and ordered that guardianship and custody be transferred to petitioner together with authorization to consent to an adoption.

On this appeal respondent contends that petitioner failed to exercise diligent efforts to strengthen her relationship with her son; that it was an abuse of discretion for Family Court to conduct an in-camera interview with and consider the wishes of the child; and that it was error to permit a psychologist to testify about, and opine on, the child's wishes concerning visitation and adoption. We find each argument unpersuasive and affirm the order.

The record shows that petitioner's caseworkers formulated a plan of various agency services for respondent, which included arranging visitation, and kept her informed of the child's progress. Unfortunately, as respondent readily conceded, al-

though she was unable to cope with the child's misbehaviors, she failed to diligently attend instructional classes to improve parenting skills or to maintain a stable home for the child. She admitted her participation in abusive relationships with the father of the child and at least two other men, yet failed to attend a domestic violence program. She offered no evidence to demonstrate her physical or financial inability to utilize the programs arranged for her. The testimony of two caseworkers who met with her at least 49 times was adequate to prove that respondent failed to help herself or avail herself of the assistance offered to her. Her present contentions that the proposals lacked innovation and, as she characterizes, a sufficient "hands-on" approach are unpersuasive in view of the showing in the record of the efforts made by petitioner to assist her (see, Matter of George U. [Stanley U.], 195 AD2d 718; see also, Matter of Tara KK. [Barbara LL.], 200 AD2d 876).

We further reject respondent's contention that Family Court abused its discretion by conducting an in-camera interview with the 13-year-old child. The interview was conducted as the result of respondent's own urging and over the specific objections of petitioner. Accordingly, respondent cannot be aggrieved by the court's decision to interview the child; moreover, the issue was not preserved for appeal (1 Newman, NY Appellate Practice §§ 2.03, 4.18 [2]). The record shows that Family Court specifically stated that the child's feelings were not determinative of the fact-finding phase of the case and there is no evidence to support any claim that the wishes or preferences of the child were considered.

Finally, respondent argues that it was error to permit the child's psychologist to testify to what the child told him and of his wishes to be adopted. While the words of the child during the doctor's testimony were clearly hearsay, no objection was raised on this ground. Objections to neither the character of the testimony nor its relevance were made and thus respondent waived consideration of those contentions for appellate review (see, People v Qualls, 55 NY2d 733, 734).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.