■ In the Matter of Evin C. and Another, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS C., Appellant. [648 NYS2d 738] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered March 17, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected children.

Twin boys, Evin C. and Justin C., were born to respondent and his ex-girlfriend (hereinafter the mother) in 1986. In March

1988, petitioner filed a neglect petition against respondent. Respondent was granted a six-month adjournment in contemplation of dismissal upon the condition that he undergo alcohol and drug evaluations, attend family counseling related to domestic violence and obey a protective order. In October 1988, respondent was barred from unsupervised visitation with the children until he provided Family Court with a favorable report concerning the alcohol and drug evaluations. In January 1989, the prohibition was continued due to his failure to supply the evaluations.

In November 1990, an abuse petition was filed by petitioner in Family Court against the mother. The mother then consented to a finding of child neglect in response to the abuse petition. In the same month respondent's mother applied for custody of the children. After an evaluation, petitioner recommended that the children remain in its custody because respondent's mother and the children did not know each other. Although her petition was denied, Family Court granted respondent's mother supervised visitation at petitioner's office and permitted respondent to accompany her on such visits. Other Family Court proceedings ensued regarding efforts by respondent and his mother to visit with and gain custody of the children.

In August 1994, petitioner filed a petition seeking termination of respondent's parental rights for his alleged permanent neglect, pursuant to Social Services Law § 384-b. A fact-finding hearing was held at which Mary Carli, an employee of petitioner and the children's case manager from July 1, 1993 through February 1, 1994, testified, as did Julia Wallace of the Elmira Psychiatric Center Youth Service, a supervisor in a program for severely emotionally disturbed children.

Testimony disclosed that respondent never completed the alcohol or drug evaluations that were a condition of dismissal of the October 1988 neglect proceeding against him and that he failed to comply with the plan calling for him to attend family counseling related to parenting and domestic violence. Petitioner had difficulty maintaining contact with respondent since he would not furnish an address as to where he was living and frequently missed the monthly visitation opportunities he was afforded. The children's special needs were diagnosed as attention deficit, hyperactivity and very emotionally disturbed.

The record also disclosed that Wallace treated both children from May 1990 to February 1994. She found that both boys had problems with temper tantrums and aggressive behavior,

that they were unmanageable, and that respondent failed to take an active role in the treatment of his children. Family Court found that petitioner had established by clear and convincing evidence that the two children have been permanently neglected by respondent. Respondent appeals.

Respondent's contention that Family Court improperly denied his motion at the close of petitioner's case to dismiss the petition because petitioner had failed to prove by clear and convincing evidence that respondent had the financial ability to plan for the boys' future is without merit. The evidence submitted by petitioner indicated that respondent had maintained employment and was supporting himself for the four years prior to the fact-finding hearing. "To conclude that a parent is not able to plan financially for his child, there must be unequivocal evidence that the amount of public assistance [here income] received is inadequate" (*Matter of Christine Q.*, 156 AD2d 770, 774, *lv denied* 75 NY2d 708; *see, Matter of Jennifer VV.*, 99 AD2d 882, 883; *Matter of John W*, 63 AD2d 750, 751). Respondent did not make such showing. Additionally, there is sufficient evidence that respondent failed to plan for the future of his children. He did not cooperate with petitioner in the various programs planned for him, and ignored the children's need of treatment for their emotional and intellectual problems (*see, Matter of Charles K.*, 202 AD2d 798, 798-799; *Matter of Jennifer VV., supra*, at 883). The failure to plan is, in itself, sufficient to support a determination of permanent neglect (*see, Matter of Orlando F.*, 40 NY2d 103, 110).

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.