■ In the Matter of EMMA L., and Another, Children Alleged to be Permanently Neglected. ROSALIE L., Also Known as ROSA-

LIE C., Appellant; FAMILY SUPPORT SYSTEMS UNLIMITED, Respondent. [826 NYS2d 52]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about September 8, 2003, which, upon a finding of permanent neglect, terminated respondent mother's parental rights respecting her daughter Chante Channa L., and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs. Order, same court and Judge, entered on or about September 8, 2003, which, upon a finding of permanent neglect, terminated respondent mother's parental rights respecting her daughter Emma L., and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously modified, on the law, the facts and in the exercise of discretion, to suspend judgment for six months from the date of this order, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

The agency discharged its duty to undertake "diligent efforts" to strengthen the parental relationship by scheduling visits with the children, until visitation was suspended, referring the mother for substance abuse treatment, a parenting skills program, and several therapy programs (see Matter of Galeann F., 11 AD3d 255 [2004], lv denied 4 NY3d 703 [2005]).

While respondent visited the children when able to do so, completed the substance abuse program to which she was referred, and completed a parenting skills program, she did not complete her therapy. Despite several referrals for therapy, she left the programs before full completion, and had not completed the recommended course of therapy when the termination petition was filed. Thus, the finding that the mother failed to plan for her children was supported by clear and convincing evidence, and the findings of permanent neglect must be sustained (see Social Services Law § 384-b [7] [a]).

While respondent mother did not have counsel at the dispositional hearing, she had been assigned counsel by the court on three occasions during the termination proceedings. She refused to continue with assigned counsel, advised the court that she wanted to retain private counsel, and agreed that if she did not retain private counsel, she would proceed pro se. Under these circumstances, the fact that respondent was unrepresented did not constitute a denial of due process; she was plainly competent to elect to proceed pro se and did so freely (*see Matter of Anthony K.*, 11 AD3d 748 [2004]).

Although the finding that it was in Chante's best interests to be freed for adoption is supported by the record, there was little support for such a finding as to Emma L. The goal for Emma, then 14 and with special needs, was to place her in a residential treatment program, and then try to place her with a preadoptive family. Unlike Chante, Emma has no near prospect of permanent adoptive placement, and will age out of foster care in August 2007. Respondent mother obviously wants to be reunited with Emma, and has made substantial efforts toward that end, including, in the period subsequent to the termination petition's filing, completing her course of therapy. If respondent complies with treatment, and any other reasonable conditions set by Family Court, the matter should be recalendered in six months. Concur—Buckley, P.J., Mazzarelli, Gonzalez, Sweeny and Catterson, JJ.