■ In the Matter of JOHN B. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIE W., Appellant. [940 NYS2d 717]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered March 17, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred custody and guardianship of the subject children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order

terminating her parental rights with respect to her twin sons. We affirm. Contrary to the mother's contention, petitioner established by clear and convincing evidence that she was physically able to plan for the future of her children but failed to do so (see Social Services Law § 384-b [7] [a]). Petitioner established that, during the first year in which the children were in foster care, the mother attended 31 of the 52 visits that were scheduled. We note that some of the visits did not occur because petitioner cancelled the visit due to a lack of proper hygiene on the part of the mother when she appeared, or because the mother had a fever. Visits were suspended one year before the permanent neglect petition was filed, after the mother reported having a fever, until such time as the mother provided medical documentation that she did not have a contagious illness. The mother failed to provide that documentation. Although the mother complained that she had pain in various areas of her body and that she sometimes had fevers, she failed to pursue medical treatment for her ailments despite petitioner's recommendation that she do so. The mother testified that she was unable to complete the required programs for parenting classes, substance abuse and mental health treatment because she suffered from depression and thereafter developed a variety of serious physical illnesses. The Court of Appeals has concluded, however, that a mental health diagnosis is not sufficient to establish a lack of physical ability to plan for the future of the children (see Matter of Hime Y., 52 NY2d 242, 250-251 [1981]), and the mother otherwise failed to provide evidence to substantiate her alleged physical illnesses in order to refute petitioner's evidence that she was physically able to plan for the future of her children. Present—Scudder, P.J., Smith, Carni and Sconiers, JJ.