■ In the Matter of GIANNI D.M. SCO FAMILY OF SERVICES et al., Respondents; HERBERT M. et al., Appellants. (Proceeding No. 1.) In the Matter of DYLAN A.M. SCO FAMILY OF SERVICES et al., Respondents; HERBERT M. et al., Appellants. (Proceeding No. 2.) [989 NYS2d 70]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the parents separately appeal, as limited by their respective briefs, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Arias, J.), both dated August 28, 2012, as, after fact-finding and dispositional hearings, found that the subject children were permanently neglected, terminated their respective parental rights, and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court properly found that the petitioner SCO Family of Services (hereinafter the agency) established by clear and convincing evidence that the parents permanently neglected

the subject children (see Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). The agency presented evidence that it exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, referring the parents to parenting classes and counseling, advising them of the need to attend and complete such programs, and facilitating regular visitation with the children until visitation was suspended due to the mother's continued drug use (see *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d 824, 824 [2013]; *Matter of Christina M.R. [Lynette Cassandra C.]*, 101 AD3d 1021, 1021 [2012]; *Matter of Emma L.*, 35 AD3d 250, 251 [2006]). Moreover, the agency referred the mother to a drug abuse treatment program, monitored her progress in that program, and explored the possibility of having the mother's brother care for the children (see *Matter of Temple S.M. [Tricia M.]*, 97 AD3d 681, 681-682 [2012]; *Matter of Deajah Shabri T.*, 44 AD3d 1060, 1061 [2007]; *Matter of Marcel F.*, 212 AD2d 705, 706 [1995]). Despite these efforts, the parents failed for a period of more than one year following the date that the children came into the agency's care to plan for the children's future, although physically and financially able to do so (see Social Services Law § 384-b [7] [a], [c]; *Matter of Darryl A.H. [Olga Z.]*, 109 AD3d at 824; *Matter of Deajah Shabri T.*, 44 AD3d at 1061; see also *Matter of John B. [Julie W.]*, 93 AD3d 1221, 1222 [2012]; *Matter of Monica Betzy D.*, 291 AD2d 289, 290 [2002]; *Matter of Evin C.*, 232 AD2d 767, 769 [1996]).

The Family Court also properly determined that termination of parental rights, rather than the entry of a suspended judgment, was in the children's best interests (see Family Ct Act § 631; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]; *Matter of Jordan E.G.L. [Christina D.L.]*, 108 AD3d 546, 547 [2013]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1057 [2011]).

The mother's remaining contention is unpreserved for appellate review and, in any event, without merit. Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.