■ In the Matter of RICHARD VV. and Others, Alleged to be Permanently Neglected Children. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STANLEY VV. et al., Appellants.—Main, J. Appeal from four orders of the Family Court of Washington County (Berke, J.), entered June 1, 1984, which granted petitioner's application, in proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents are the natural parents of four minor children. In January and February of 1983, the children were removed from respondents' residence, a one-room apartment, and placed in petitioner's custody. Thereafter, Family Court found the children to be neglected and ordered that they remain in petitioner's care and custody. The court later extended this arrangement for a period of one year and imposed upon respondents a number of conditions to be met during that year. Ultimately, petitioner filed permanent neglect petitions and, after Family Court conducted a hearing thereon, the children were adjudicated to be permanently neglected and respondents' parental rights were terminated, prompting this appeal.

A determination that a child is permanently neglected within the meaning of Social Services Law § 384-b (7) (a) must be based upon clear and convincing evidence (Family Ct Act § 622; Social Services Law § 384-b [3] [g]; *Matter of Nicole TT.*, 109 AD2d 919, *appeal dismissed* 65 NY2d 925, *lv denied* 66 NY2d 601). The basis of permanent neglect alleged by petitioner in this case is that respondents, for a period of more than one year after their children came into petitioner's custody, failed to substantially "plan for the future of the child[ren], although physically and financially able to do so, notwithstanding [petitioner's] diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]).

Our review of Family Court's determination in this case must start with the threshold inquiry of whether petitioner exercised diligent efforts to encourage and strengthen respondents' relationship with their children *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142). In resolving this threshold issue,

we look to statutory guidelines (Social Services Law § 384-b [7] [f]) and to case law addressing the question of whether an agency such as petitioner has fulfilled its duty in this regard (see, *Matter of Jamie M.,* 63 NY2d 388; *Matter of Star Leslie W., supra; Matter of Amber W.,* 105 AD2d 888; *Matter of Candie Lee W.,* 91 AD2d 1106). Our review of the foregoing leads us to the conclusion that petitioner did indeed fulfill its duty to encourage the parental relationship. Petitioner made repeated attempts to involve respondents in programs that would improve their parenting and homemaking skills, which were so sorely lacking that the children's well-being was thereby threatened. Despite such efforts, respondents' participation in such programs was, at best, minimal. Given such an indifferent and sometimes uncooperative attitude on respondents' part, petitioner's efforts in this case were reasonable, and petitioner was not required to do more (see, *Matter of Star Leslie W., supra,* p 144; *Matter of Candie Lee W., supra,* pp 1107-1108).

Having concluded that petitioner exercised diligent efforts to strengthen the parental relationship, we next examine whether respondents failed, as Family Court concluded, to substantially plan for their children's future during the year that the children were in petitioner's custody (see, Social Services Law § 384-b [7] [a]). As previously noted, petitioner's continuous attempts to assist respondents in remedying the problems that prompted the removal of the children from respondents' home were largely met with no response or poor excuses for nonparticipation and inaction. Any notable effort exerted by respondents at all toward remedying their problems, such as unemployment and inadequate housing, came only in the short time prior to the Family Court hearing in this proceeding, and that effort can hardly be called anything more than minimal. In light of the foregoing, we conclude, as did Family Court, that respondents failed " 'to formulate, and act to accomplish, a feasible and realistic plan' " *(Matter of Orlando F.,* 40 NY2d 103, 110, quoting *Matter of Stephen B.,* 60 Misc 2d 662, 668, *affd sub nom. Matter of Behrman,* 34 AD2d 527; *see,* Social Services Law § 384-b [7] [c]). Since this conclusion is supported by clear and convincing evidence, Family Court was correct in adjudicating the children to be permanently neglected and, consequently, in terminating respondents' parental rights (see, Social Services Law § 384-b [4] [d]).

Orders affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.