■ In the Matter of MELISSA E., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY E., Appellant, et al., Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered Septem-

ber 13, 1990, which granted petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondent Tammy E. (hereinafter respondent) is the natural mother of three preteen children: Melissa, Joseph and Jeffrey. In June 1988, the children were removed from respondent's home and, on July 5, 1988, neglect petitions were filed by petitioner alleging that, *inter alia,* respondent failed to provide a minimum degree of care through parental supervision, failed to provide the children with adequate clothing, shelter and medical care, and unreasonably inflicted harm or a substantial risk of harm on the children, or allowed same to occur. In October 1988, Family Court found the children to be neglected and, after dispositional hearings in December 1988, placed the children temporarily in petitioner's custody. Thereafter, service plans were devised to facilitate the eventual return of the children to respondent. Petitioner made available a variety of services to respondent including parenting and homemaking classes, in which respondent subsequently participated with minimal results. Respondent also moved several times in the next 15 months and had difficulty retaining employment. Although counseled to end her relationship with a boyfriend suspected to have abused the children, respondent refused to do so.

In September 1989, permanent neglect petitions were filed and the children were subsequently found, after a hearing, to be permanently neglected. After a dispositional hearing, Family Court terminated respondent's parental rights, as well as those of the respective fathers, and ordered the children placed for adoption. This appeal by respondent followed.

We affirm. Respondent argues only that the record fails to provide the requisite "clear and convincing" proof that petitioner made "diligent efforts to encourage and strengthen the parental relationship", and that respondent failed to plan for the children's future although able to do so (Social Services Law § 384-b [7] [a]). We disagree. The Court of Appeals has defined "diligent efforts" to include "counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child[ren] to their care and advising the parent at the appropriate intervals of the child[ren]'s progress" *(Matter of Star Leslie W.,* 63 NY2d 136, 142; *accord, Matter of Gregory B.,* 74 NY2d 77, 86). Petitioner need not guarantee success and we reject respondent's argument that

petitioner's failure to change caseworkers requires reversal in this case. The caseworker assigned to respondent met with her on well over 40 occasions to develop and carry out service plans designed to assist respondent in improving her ability to provide a secure and stable home environment. A parent aide and homemaker aide were assigned to assist respondent to improve her parenting skills and maintain the family residence in a more appropriately hygienic condition, problems that were so acute that the children's well-being was threatened, requiring their removal in the first instance. Mental health counseling was arranged and respondent was encouraged to seek a graduate equivalency diploma. Accordingly, we conclude that petitioner undertook the requisite diligent efforts to reunite respondent with the children (see, Matter of Star Leslie W., supra; Matter of Sheila G., 61 NY2d 368; Matter of Mary Ann FF., 129 AD2d 899, 900-901, lv denied 70 NY2d 605; Matter of Richard VV., 122 AD2d 431, 431-432).

Nor do we find that petitioner failed to establish by clear and convincing evidence that respondent failed to "plan for the future of the child[ren], although physically and financially able to do so" (Social Services Law § 384-b [7] [a]). Although the record reveals minimal progress on respondent's part in some of the areas identified in her service plans, "good-faith efforts are insufficient" (Matter of Mary Ann FF., supra, at 901) and it is clear from the testimony adduced at the hearing that respondent remained unable to incorporate the provided assistance into her approach toward homemaking and parenting (see, Matter of Scotty C. [Nancy B.], 154 AD2d 784, 786, lv denied 75 NY2d 707). In sum, and cognizant of the "greatest respect" afforded the findings of Family Court (Matter of Nathaniel T., 67 NY2d 838, 842), we find that, despite petitioner's continued efforts, respondent failed to sufficiently plan for the children's future.

Casey, Mikoll, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.