■ In the Matter of ROBERT LEE W., III, and Another, Children Alleged to be Permanently Neglected. [604 NYS2d 394] —Order unanimously affirmed without costs. Memorandum: On this appeal from an order terminating parental rights, respondent contends that petitioner agency failed to prove by clear and convincing evidence that she failed to maintain substantial and continuous contact with her two children or that she failed to plan for her children's future. We disagree. Although respondent visited with the children on several occasions over the two-year period before the petition was filed, she did not interact with, or show affection for, the

children during those visits. Further, respondent did not attend several scheduled visitations because she could not get a ride. Respondent nevertheless declined a counselor's offer to provide her with tokens for bus transportation for future visitations. Because the proof reveals that respondent "overtly demonstrate[d] a lack of affectionate and concerned parenthood" during visitations, Family Court properly found that she failed to maintain substantial contact with the children (Social Services Law § 384-b [7] [b]).

The uncontroverted evidence also established that respondent failed to attend parenting classes, to establish a permanent stable residence or to improve her personal hygiene habits during the two-year period preceding the filing of the instant petition. Although respondent obtained suitable housing and made other efforts to comply with the agency's plan while the petition was pending, her attempts to plan for the children's future over the three-year period prior to the hearing were sporadic and not substantial. Under the circumstances, we conclude, as did Family Court, that respondent failed to make a substantial effort to accomplish a realistic plan for the children's future (see, Matter of Richard VV., 122 AD2d 431, 432); that the children were permanently neglected; and that the proof warranted a termination of parental rights. (Appeal from Order of Erie County Family Court, O'Donnell, J.—Termination of Parental Rights.) Present—Callahan, J. P., Balio, Lawton, Boomer and Boehm, JJ.