■ In the Matter of RHONDA KK. and Others, Children Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRY KK. et al., Appellants. [620 NYS2d 541] —Cardona, P. J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered July 29, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children as permanently neglected, and terminated respondents' parental rights.

Respondents are the parents of a son born in 1973 and four girls born in 1976, 1978, 1982 and 1987. In January 1991, all of the girls were removed from respondents' custody as a result of sexual abuse perpetrated by the 18-year-old son against two of the girls. Respondents admitted to neglect based upon a failure to protect the girls from sexual contact by their brother. The children were continued in foster care with respondents' consent.

The instant proceeding for a determination of permanent neglect of the four girls and termination of respondents' parental rights was commenced on July 27, 1992. The petitions alleged that respondents failed to appropriately prepare and plan for the future of the children (Social Services Law § 384-b [4]). After a hearing, Family Court found that despite petitioner's exhaustive efforts to strengthen the parental relationship and prepare the household for a return of the four girls, petitioner was met with resistance and apathy. A major key to the plan to reunite the children with their parents was to separate the boy from the household. No substantive progress was made by respondents in finding alternate living arrangements for the boy. Similarly, little progress was achieved in protecting the girls during visitation, which was particularly highlighted in a June 20, 1992 incident involving

an argument between one of the girls and the boy. During the course of the incident, the boy discharged a firearm. Family Court granted the petition and, after a dispositional hearing, terminated respondents' parental rights. Respondents appeal, contending that petitioner failed to meet its burden of clear and convincing proof that it had used diligent efforts to aid respondents. We disagree and affirm.

The record fully establishes that petitioner worked with respondents in an effort to eliminate the cause for the girls' separation. A plan was established to achieve the goal of protecting the four girls from sexual abuse and domestic violence. Petitioner repeatedly and assertively reached out with support services, counseling, financial assistance, housing assistance, transportation and help with visitation as well as services for the boy, only to be met with indifference and a general lack of cooperation (see, Matter of Gin Ho S., 192 AD2d 466, 467). Respondents' attack on the credibility of petitioner's caseworker is unsubstantiated and the trial court's assessment of credibility is afforded great weight (see, Matter of Liccione [Wendy A.] v John H., 65 NY2d 826). Petitioner has fully met its obligation to diligently aid respondents in an effort to reunite them with their children.

Respondents' tangential suggestion that their limited efforts constituted adequate planning for the girls is belied by this record. Here, respondents, even with diligent efforts of petitioner, failed to actively, meaningfully and realistically plan for the future of the girls (see, Matter of Jamie M., 63 NY2d 388, 393; see also, Social Services Law § 384-b [7] [c]; Matter of Nicole TT., 109 AD2d 919, lv denied 66 NY2d 601) and made only marginal progress toward correcting the conditions that necessitated their removal (see, Matter of Justin EE., 153 AD2d 772, lv denied 75 NY2d 704). Petitioner, by clear and convincing proof, established that respondents failed to substantially plan for the future of their daughters (see, Matter of Orlando F., 40 NY2d 103, 110).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.