■ In the Matter of MATTHEW C., and Others, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT D., Respondent, and LEONA C., Appellant. [627 NYS2d 822] —Cardona, P. J. Appeal from an order of the Family Court of Madison County (O'Brien, III, J.), entered May 9, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights with respect to five of the children.

Respondent Leona C. (hereinafter respondent) is the biological mother of six children. The four eldest children were placed in foster care in 1986 and, except for two periods during which three of the children were temporarily returned home, they have remained in such care to the present time. The fifth child was removed from respondent's home in 1990, while the youngest child was placed in foster care in 1992. They have never returned home. Since the time of the initial placements in 1986, petitioner continually devised service plans in an attempt to deal with respondent's problems which included an alcoholic husband, domestic violence and a lack of parenting skills. The record reveals such efforts to have resulted in minimal success.

In September 1993, petitioner commenced this permanent neglect proceeding and the children were subsequently found, after a hearing, to be permanently neglected. After a dispositional hearing, Family Court terminated respondent's parental rights with respect to all of the children except the eldest and ordered the remaining children placed for adoption. This appeal by respondent followed.*

We affirm. It is well settled that the threshold inquiry in permanent neglect cases focuses upon the petitioning agency's statutory duty to make diligent efforts to strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Shannon U., 210 AD2d 752). Here, the record fully supports Family Court's finding that petitioner satisfied its statutory duty in this regard. The evidence presented at the fact-finding hearing reveals that petitioner's caseworkers maintained regular contact with respondent through telephone and home visits. Petitioner offered, inter alia, day treatment programs, counseling, parenting skills classes, codependency counseling and a

---

* Respondent's husband was also found to have permanently neglected the children. He, however, died prior to Family Court's orders of fact-finding and disposition.

program designed to help victims of violence. The service plans set up by petitioner were plainly done to facilitate the eventual return of the children to respondent. Petitioner also provided respondent with safe shelter and food. Finally, petitioner organized supervised visitations between respondent and the children. Clearly, petitioner identified the particular problems facing respondent and made the necessary efforts to assist her in overcoming them (see, Matter of Albert T., 188 AD2d 934). Thus, as Family Court found, petitioner established by clear and convincing evidence that it undertook the requisite diligent efforts to reunite the children with respondent (see, Matter of Melissa E., 176 AD2d 1092).

Nor can we accept respondent's contention that there was insufficient evidence to support Family Court's finding that she failed to "plan for the future of the child[ren], although physically and financially able to do so" (Social Services Law 384-b [7] [a]). Respondent's failure to plan is evident from her refusal to participate in many of the offered rehabilitative programs (see, Matter of George U., 195 AD2d 718). Although, as Family Court noted, she did at times participate in some of the programs, including parenting skills classes, the record amply supports the court's conclusion that her participation was superficial and amounted to just going through the motions (see, Matter of Shannon U., supra). In our view, a parent must take real, affirmative and meaningful steps manifesting a sense of responsibility toward the children in placement so as to avoid a termination of parental rights. The record also supports the court's findings that respondent had actually regressed in such areas as codependency, anger management and independent living skills. In addition, a psychologist who evaluated respondent opined that it was very difficult to see how she could deal with the children as an effective parent. Respondent's arguments concerning petitioner's alleged failure to adequately describe the particular programs to her are not supported by the record evidence. In sum, contrary to respondent's contention, petitioner established by clear and convincing evidence respondent's failure to sufficiently and meaningfully plan for the children's future.

We have examined respondent's remaining contentions and find them unpersuasive. We do, however, note that under the particular circumstances of this case, neither the fact that respondent did not attend the final day of the dispositional hearing nor her assertions of a positive change in conditions warrants disturbing Family Court's decision.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.