■ In the Matter of TIMOTHY M. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KELLY M., Appellant. [632 NYS2d 699] —Mercure, J. Appeals from two orders of the Family Court of Broome County (Ray, J.), entered April 20, 1994 and May 9, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent's two infant children were placed in petitioner's custody in November 1990 in connection with a neglect proceeding that had been brought against the father of the children. At that time, respondent was ordered to, inter alia, participate in sexual abuse and substance abuse treatment programs. The children remained in petitioner's custody thereafter, and in February 1993 petitioner commenced this proceeding to declare the children to be permanently neglected and to terminate respondent's parental rights. Following fact-finding

and dispositional hearings conducted between April 19, 1993 and April 28, 1994, Family Court determined that respondent's children were permanently neglected and terminated her parental rights. Respondent appeals.

We affirm. Initially, our review of the record provides abundant support for Family Court's determination that petitioner fulfilled its obligation to make diligent efforts to encourage and strengthen the parental relationship between respondent and her children (see, Social Services Law § 384-b [7]; Matter of Shannon U., 210 AD2d 752, lv denied 85 NY2d 807; Matter of St. Christopher O., 204 AD2d 765, lv denied 84 NY2d 805). The evidence showed that, throughout the two-year period preceding commencement of this proceeding, petitioner provided respondent with supervised visitation on a regular basis at each of respondent's various residences. Petitioner also attempted to enroll respondent in substance abuse programs, referred her to organizations designed to assist her in coping with the sexual abuse purportedly inflicted upon respondent's children by their father and also enrolled respondent in classes designed to encourage the development of parenting skills.

Rather than take responsibility for her unwillingness to meaningfully participate in the recommended programs, respondent now attempts to shift the blame to petitioner, adopting the posture that petitioner failed her and prevented the return of her children by not providing necessary one-on-one counseling for battered woman's syndrome. This argument fails on a number of grounds. First, the record establishes that respondent never gave petitioner any reason to believe that she suffered from battered woman's syndrome. Second, the record supports a finding that respondent may well have received the desired counseling had she been willing to pursue the programs recommended by petitioner. Third, Family Court made a determination, in the proper exercise of its fact-finding function, that respondent had not been physically abused by her husband and that, accordingly, the expert opinion premised upon that assumption was fatally flawed. We conclude that the trial evidence demonstrates respondent's failure to "take real, affirmative and meaningful steps manifesting a sense of responsibility toward the children" (Matter of Matthew C., 216 AD2d 637, 638), that she failed to plan for her children's future and that Family Court properly terminated her parental rights (see, supra; Matter of Jessica FF., 211 AD2d 948).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.