■ In the Matter of CHRISTOPHER II. et al., Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WANDA KK., Appellant. [635 NYS2d 747] —Mercure, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 6, 1994,

which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia*, adjudicate two of respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent's children Christopher and Amber were placed in petitioner's protective custody in 1986 as the result of Family Court's determination that the children (and two siblings who are not involved in this appeal) were neglected by respondent and the children's father as the result of repeated acts of domestic violence and respondent's allegation that Amber had been sexually abused by her father. Petitioner's custody continued through July 1993, when petitioner initiated this proceeding for an adjudication that the children are permanently neglected. Following a fact-finding hearing and the parties' waiver of a dispositional hearing, Family Court found that, despite petitioner's diligent efforts to encourage and strengthen the parental relationship between respondent and the children, respondent failed for a period of more than one year following the children's placement in petitioner's care to substantially and continuously or repeatedly maintain contact with or plan for the future of the children, although physically and financially able to do so (*see*, Social Services Law § 384-b). Family Court adjudicated the children to be permanently neglected and awarded their custody to petitioner. Respondent appeals.

We affirm. As a preliminary matter, we note that respondent has raised no issue concerning petitioner's diligent efforts to strengthen the parental relationship (Social Services Law § 384-b [7] [a]), and the record provides abundant support for the finding that such an effort was made. We also note that, because "contact and planning are alternative elements" (*Matter of Scotty C.*, 154 AD2d 784, 786, *lv denied* 75 NY2d 707; *see*, *Matter of Star Leslie W.*, 63 NY2d 136, 142-143), evidence of respondent's regular contact with the children was not of itself sufficient to defeat the petition. Turning now to the contentions raised in respondent's brief, we conclude that petitioner established by the requisite clear and convincing proof that respondent failed to plan for her children's future (Social Services Law § 384-b [7]; *see*, *Matter of Star Leslie W.*, *supra*; *Matter of Scotty C.*, *supra*). Planning for the future involves "tak[ing] such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren] within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b [7] [c]). "At a minimum, parents must 'take steps to correct

the conditions that led to the removal of the child[ren] from their home' " (*Matter of Nathaniel T.*, 67 NY2d 838, 840, quoting *Matter of Leon RR*, 48 NY2d 117, 125).

Here, the children were removed from their home in 1986 because of respondent's inability or unwillingness to protect them from their father's acts of domestic violence, physical abuse and suspected sexual abuse. Rather than cooperate with petitioner, learn to act as a protective parent and avoid contact with individuals who were reasonably likely to place the children at risk, respondent repeatedly "made up" with the father and secretly permitted him and a succession of other paramours to reside with her and be present with the children during periods of visitation. Clearly, faced with a choice between her children and her various romantic interests, respondent consistently elected in favor of the latter (*see, Matter of Michael BB.*, 206 AD2d 600, 601; *Matter of Albert T.*, 188 AD2d 934, 937; *Matter of Travis Lee G.*, 169 AD2d 769, 770). In addition, the evidence established that respondent was unwilling to substantially participate in recommended counseling and training sessions (*see, Matter of Timothy M.*, 220 AD2d 891; *Matter of Tina JJ.*, 217 AD2d 747) and exhibited no inclination or ability to meaningfully interact with the children (*see, Matter of Robert Lee W.*, 198 AD2d 808).

Nor are we persuaded by respondent's remaining contentions. First, Family Court did not err in refusing to allow evidence that the children's father had been incarcerated (and thus was no longer a threat to them) during the fact-finding hearing. Testimony relating to matters occurring subsequent to the filing of a petition for permanent neglect is inadmissible during the fact-finding stage of the proceeding (*see*, Family Ct Act § 624; *see also, Matter of Diana S.*, 68 AD2d 915). Further, elimination of the threat posed by this one individual had no bearing on the real issue before Family Court, i.e., respondent's unwillingness or inability to act as a protective ally to her children. Second, Family Court did not err in receiving evidence of accusations concerning the father's sexual abuse of Amber, which were offered not for the truth of the statements but to establish respondent's knowledge of the claims and, thus, reason to believe that the father posed a danger to the children. Finally, respondent made no timely objection to the claimed delay in completing the proceedings and has in any event made no showing of prejudice resulting therefrom (*cf., Matter of Dutchess County Dept. of Social Servs.*, 196 AD2d 196).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.