■ In the Matter of KEITH UU., and Others, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIMOTHY UU. et al., Appellants. [681 NYS2d 163] —Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 5, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected and terminated respondents' parental rights.

In August 1994, respondents were adjudged to have neglected their three sons, born in 1988, 1989 and 1990, on the basis of several incidents in which respondent Timothy UU.

had physically abused the children, and respondent Jennifer UU., although present and aware of the abuse, had failed to take any action to protect them. In its dispositional order, dated September 30, 1994, Family Court ordered respondents to, *inter alia*, undergo mental health and substance abuse evaluations, and participate meaningfully in any treatment recommended as a result of those evaluations. The children, who had been removed from respondents' home pending determination of the neglect proceeding, remained in petitioner's custody.

During the ensuing year, petitioner learned that Jennifer had previously been convicted in New Jersey of sexually abusing a minor, and had surrendered her four children from a prior marriage—with respect to whom sexual abuse charges had also been brought—for adoption. Neither respondent had disclosed any of this information to petitioner's caseworkers or to their therapist,* and when, in the course of their ongoing counseling sessions, they were confronted with it, Jennifer denied any wrongdoing and Timothy insisted that he had not been aware of the aforementioned events, because they had occurred before he became involved with Jennifer. According to the therapist, Jennifer's denial that she had a sexual abuse problem foreclosed her from making any progress with respect to that issue, and Timothy's attempt to "distance" himself from his wife's past difficulty disabled him from providing her with any meaningful help in overcoming it. In addition, neither respondent successfully completed the alcohol education program to which they had been referred.

On October 17, 1995, petitioner commenced the instant proceeding charging respondents with permanently neglecting their children, and seeking termination of their parental rights. After a hearing, Family Court granted the relief sought by petitioner and this appeal ensued.

We affirm. The evidence before Family Court establishes that petitioner made diligent efforts to reunite respondents with their children, by formulating a plan to correct the family problems that were known to pose a barrier to such reunification, and assisting respondents in carrying out that plan (*see, Matter of Jeremy KK. [Gordon KK.]*, 251 AD2d 904). Petitioner cannot be faulted for failing to tailor the plan to specifically address the issues presented by Jennifer's previous sexual abuse conviction, inasmuch as it was respondents' active concealment

---

* Indeed, they had both affirmatively misrepresented many aspects of their past history; inconsistencies and conflicts in these accounts had prompted the investigation that ultimately revealed the truth.

of both the fact of that conviction, and the surrounding circumstances, that prevented petitioner from doing so (*cf., Matter of Timothy M. [Kelly M.]*, 220 AD2d 891, 892, *lv denied* 87 NY2d 808). Nor did Family Court err in refusing to accept Timothy's "innocent bystander" defense, for the evidence reveals that his representation that he had no knowledge of Jennifer's past family problems, or of her child abuse conviction and resulting imprisonment, was untrue. Moreover, the counseling that respondents did receive, pursuant to the plan, could have furnished a means for overcoming that problem, but for their unwillingness to broach the subject (*see, id.*).

The record also provides ample support for the conclusion that both respondents failed to meaningfully plan for the return of their children. Although Timothy has evidently made some progress toward overcoming the problem that initially led to the removal of the children, namely their physical abuse, both respondents refuse to acknowledge and confront the other issues that pose a threat to their children's welfare. This, coupled with their inveracity regarding matters critically important to the children's well-being, not only prevents them from making meaningful progress toward correcting the serious problems that continue to render their home unsafe for the children (*see, Matter of Sylvia Esther O. [Jorge Albert O.]*, 253 AD2d 465, 466; *Matter of Ashlee X. [Dawn X.]*, 244 AD2d 707; *Matter of Tammy B. [Thomas B.]*, 185 AD2d 881, 882-883, *lv denied* 81 NY2d 702), but also evinces an inability or unwillingness to place the children's needs above their own (*cf., Matter of Christopher II. [Wanda KK.]*, 222 AD2d 900, 902, *lv denied* 87 NY2d 812).

Respondents' remaining contentions have been considered and found meritless.

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.