Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of DIMITRIS VV., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAFAEL VV., Appellant. [714 NYS2d 369] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered April 22, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Dimitris VV. to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological father of Dimitris VV. (hereinafter the child), born in 1995. The child was placed in foster care

six months after his birth and, in April 1998, petitioner commenced the instant proceeding seeking to terminate respondent's parental rights.* Following fact-finding and dispositional hearings, Family Court adjudicated the child to be permanently neglected and terminated respondent's parental rights. This appeal by respondent ensued.

We affirm. Although respondent does not directly contend that petitioner failed to discharge its statutory duty of exercising diligent efforts to strengthen the parental relationship (*see,* Social Services Law § 384-b [7]), he does assert that his failure to maintain contact with or plan for the future of his child was "preordained" by petitioner due to petitioner's alleged refusal to facilitate visitations. We find this argument to be unavailing. The record demonstrates that prior to respondent's most recent incarceration in August 1997, petitioner made numerous attempts to arrange visits between respondent and the child. Unfortunately, due to respondent's frequent absences from the Ulster County area and/or his failure to keep petitioner apprised of his whereabouts, respondent's visitations with the child prior to August 1997 could best be described as sporadic. While it is true that petitioner declined to arrange visitations with the child following respondent's incarceration, we cannot say, based upon our review of the record before us, that petitioner's decision in this regard constituted a failure to exercise diligent efforts.

Nor are we persuaded that Family Court erred in concluding that respondent failed to plan for the future of his child. Although respondent's contact with petitioner, efforts to articulate a plan for the child and participation in various programs all increased following his incarceration in August 1997, his performance prior to that date left much to be desired. As noted previously, respondent had only intermittent contact with petitioner and the child between April 1996 (when the child first was placed in foster care) and August 1997 and, during this same time period, respondent's efforts to complete the required domestic violence and substance abuse programs were entirely unsuccessful. In short, as Family Court aptly noted, rehabilitation became a priority in respondent's life only after he was incarcerated.

Based upon our review of the record as a whole, we are of the view that respondent failed to take "real, affirmative and meaningful steps" toward developing a relationship with or planning for the future of the child (*Matter of Matthew C.,* 216

---

* The child's biological mother voluntarily surrendered her parental rights to the child and three children from a previous marriage.

AD2d 637, 638). Under such circumstances, Family Court appropriately terminated respondent's parental rights and freed the child for adoption. Respondent's remaining contentions, including his assertion that termination of his parental rights was in violation of the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*), have been examined and found to be lacking in merit.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.