■ In the Matter of SCOTTY C., Alleged to be a Permanently Neglected Child. CHRIS ALLEN, as Director of the Clinton

County Department of Social Services, Respondent; NANCY B., Appellant.—Kane, J. P. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered July 7, 1987, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Scotty C. a permanently neglected child, and terminated respondent's parental rights.

Respondent seeks reversal of an order finding her son Scotty permanently neglected and terminating her parental rights. Scotty was born in 1980. In 1984, Scotty was seriously physically abused by respondent's cousin, when left in his care. In 1985, Scotty was adjudicated to be neglected and was placed in a foster home. This proceeding was commenced in December 1986 and alleges permanent neglect based on a failure by respondent, for a period of more than one year after Scotty's being placed with petitioner, to maintain contact with or plan for the future of the child, although physically and financially able to do so and despite diligent efforts on the part of petitioner to encourage and strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.,* 61 NY2d 368, 380). A hearing was held after which Family Court granted the petition and this appeal ensued.*

Respondent argues that petitioner failed to demonstrate by clear and convincing evidence each of the elements necessary to sustain a finding of permanent neglect. We disagree. Regarding the threshold issue of whether petitioner exercised diligent efforts to strengthen the parent-child relationship *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142), we find the record replete with evidence to sustain petitioner's position. For example, petitioner initially determined that one particular and significant problem facing respondent was Scotty's fear of her based on a perception that she was responsible for his previous abuse. In attempts to ameliorate the problem, petitioner arranged for counseling, including visits by respondent to a mental health clinic and attendance in parenting programs. Respondent was referred to the Job Training Partnership Act program for employment services and Graduate Equivalency Diploma services. Petitioner repeatedly provided transportation for Scotty to and from visitation with respondent. Petitioner arranged for respondent to meet with Scotty's therapist to better understand the child's special needs. Respondent was counseled on the need for reconciliation with

---

* We briefly note for the record that Scotty's father apparently signed a surrender of guardianship and custody in February 1986.

her child based on a recognition by respondent of Scotty's feelings toward her. In our view, the foregoing facts establish a showing of diligent efforts by petitioner to strengthen the parental relationship.

Regarding the adequacy of the proof of respondent's failure to maintain substantial contacts with the child or plan for his future, we initially note that contact and planning are alternative elements, and proof of failure to perform one is sufficient to sustain a finding of permanent neglect *(see, Matter of Star Leslie W., supra,* at 142-143). In this case, it is clear that petitioner has demonstrated that respondent failed to plan for Scotty's future. Social Services Law § 384-b (7) (c) provides that a parent must "take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a [reasonable time period]" (Social Services Law § 384-b [7] [c]; *see, Matter of Mary Ann FF.,* 129 AD2d 899, 901, *lv denied* 70 NY2d 605). Here, respondent has changed her residence several times during Scotty's placement in foster care and failed to obtain her Graduate Equivalency Diploma. Most significant, however, is respondent's failure to properly utilize the services provided by petitioner. Respondent has repeatedly been counseled on her son's behavioral disorders which stem in part from the child's previous abuse and his subsequent feelings toward her. Respondent, however, has failed to incorporate that counseling into her approach toward parenting the child and, therefore, failed to take the threshold step of providing a secure and stable home environment. Thus, despite petitioner's continued attempts through parenting classes and individual counseling regarding Scotty's special needs, respondent has failed to sufficiently plan for the child's future *(see, Matter of Star Leslie W., supra,* at 144).

Regarding Family Court's termination of respondent's parental rights, we find that the court acted properly given the weight of the evidence. Scotty regressed during visits with respondent, yet showed marked improvement with a foster family. Given the expert testimony that the parent-child bond was irreparably damaged, termination of parental rights was clearly in "the best interests of the child" (Family Ct Act § 631).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.