■ In the Matter of MARY S., a Child Alleged to be Neglected. THOMAS W. ROACH, JR., as Commissioner of the Ulster County Department of Social Services, Respondent; MICHAEL S., Appellant.—Casey, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered December 3, 1990, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Mary S. a permanently neglected child, and terminated respondent's parental rights.

Respondent and his wife separated, after 11 years of marriage, shortly after their second child, a son, was born in May 1983. The eldest child, Mary S., had been born in February 1981. In March 1984, the son was diagnosed as failing to thrive, placed in foster care and subsequently adopted in October 1987 after he was found to have been neglected by his parents. In early 1984, respondent took custody of Mary, who had been living with her mother. Respondent moved in with his sister at her home and then moved with Mary to various hotels. Respondent claims he was unable to find suitable permanent housing, despite some assistance from the local Department of Social Services.

Respondent and Mary returned to his sister's home. When this arrangement again proved unsatisfactory respondent moved out, but left Mary with his sister. Respondent appar-

ently began sleeping in the Trailways bus garage, where he had obtained some employment. When respondent did not return to regain custody of Mary from his sister, a neglect petition was filed. On August 18, 1986 an order was entered adjudicating Mary to be a neglected child. The order placed Mary with the Department and directed respondent to submit to therapy, to make diligent efforts to obtain suitable housing and to inform petitioner of his residence. In the next 10 months Mary lived in two foster homes, where she exhibited "temper tantrums" and "sexual acting out" behavior. After evaluation she was found to be mildly retarded and placed in special education classes. In June 1987, she was moved to the foster home of the same couple that had adopted her brother.

In October 1987, a violation petition was filed against respondent. The petition alleged that respondent had violated the August 18, 1986 order. After fact-finding hearings, Family Court found against respondent and denied him custody of Mary. In November 1988, respondent was charged by petitioner with permanent neglect (based on lack of cooperation with the Department), failure to seek counseling, failure to find suitable housing or improve his parenting skills, failure to advise the Department of his address, and failure to provide financial support for Mary. Respondent had maintained contact with Mary and exercised his visitation rights. The Department's evidence was offered by social workers and psychologists. Respondent claimed that most of his problems were economic.

After considering the proof, Family Court adjudged Mary to be permanently neglected and set the date for a dispositional hearing, which was held in June and July 1990 and resulted in the termination of respondent's parental rights and an award of custody of Mary to petitioner, who was empowered to consent to the child's adoption without further notice to respondent. Respondent appeals from the order of disposition.

When a petitioning agency has custody of a child and brings a proceeding to terminate parental rights, the agency has the burden of proving by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to reunite the family and strengthen the parent-child relationship (Social Services Law § 384-b [7]; *Matter of Jamie M.,* 63 NY2d 388, 390-391). Petitioner claims that this burden was successfully met and that the failure to reunite respondent and Mary was due to respondent's indifference and lack of cooperation *(see, Matter of Star Leslie W.,* 63 NY2d 136). The testimony of respondent's uncooperative and disruptive attitude at therapy

sessions, which was credited by Family Court over respondent's claim that he did all that he could, presented a question of credibility that was resolved in favor of petitioner by Family Court, whose determination of the factual issues is entitled to the greatest respect (see, *Eschbach v Eschbach*, 56 NY2d 167). Thus, its finding of permanent neglect should be affirmed.

We find no merit in respondent's claim that the hearing was unfair because Family Court permitted testimony of social workers and psychologists that was privileged under CPLR 4507 and 4508 (a). The testimony of these witnesses was not gleaned from therapy sessions and was not statutorily privileged. Family Court had the discretion to allow or disallow this testimony based on probative value and expectation of privacy (see, *Perry v Fiumano*, 61 AD2d 512, 517), and that discretion was properly exercised.

Furthermore, we find no merit in respondent's claim that Family Court should have heard no evidence except what occurred after the agency took custody. The evidence that was heard was material and relevant to the determination of permanent neglect. That the evidence was also relevant to the child's best interest should not preclude its admission at a permanent neglect hearing.

The best interest of the child is the standard to be applied at the dispositional hearing (*Matter of Star Leslie W., supra*). Mary now resides with foster parents who have already adopted her brother and with whom she appears to be bonding. Mary's attitudinal problems have significantly improved. Family Court properly determined that it was in the best interest of the child to free Mary for adoption by the same parents and its determination should be affirmed.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.