■ In the Matter of SARAH B., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SO-CIAL SERVICES, Appellant; NANCY C. et al., Respondents. (And Another Related Proceeding.) [610 NYS2d 403] —Mikoll, J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered February 9, 1993, which, *inter alia,* dismissed petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected by respondent Nancy C.

Petitioner sought to have respondents' children declared permanently neglected. In dismissing the petition against the

children's mother, respondent Nancy C. (hereinafter respondent), Family Court held that petitioner failed to exercise diligent efforts to reunite respondent and her children.* The issue before us is whether Family Court erred in finding that petitioner's efforts were inadequate because of respondent's mild developmental disability.

"The threshold inquiry in any permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship" (Matter of Albert T., 188 AD2d 934, 935-936 [citations omitted]; see, Matter of George U., 195 AD2d 718, 719). Diligent efforts are meant to encourage a meaningful relationship between the parent and the child (see, Social Services Law § 384-b [7] [f]). In a proceeding to terminate parental rights on the ground of permanent neglect, the agency must "plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and reunite the family" (Matter of Sheila G., 61 NY2d 368, 373). A review of the record evidences that petitioner's efforts were sufficient despite respondent's mild developmental disability, which is not so debilitating as to have prevented her from confronting and attempting to resolve the problems with the children (see, Matter of John ZZ., 192 AD2d 761, 762).

In drafting a program for respondent, petitioner considered her mental limitations in setting goals. Petitioner worked with her for a two-year period, during which time she was referred to and encouraged to obtain mental health counseling and sexual abuse counseling. She declined to pursue these treatments. Petitioner also helped to arrange respondent's visits with the children by providing financial assistance to her. It also supervised the visits so as to help improve her relationship with the children. The record bears documentation of approximately 55 supervised visits. Petitioner's attempt to teach respondent parenting skills was met with obstinate refusal to change her ways. She failed to attend all but one service planning session to evaluate her progress and to map further plans to reunite the family. Her constant changes of live-in partners and residences reflected a total indifference to her responsibility to plan for a permanent home for her children. Psychologist Mark Vogel indicated that respondent is at a high risk for not comprehending or under-

* Respondent Jack B., the father of the children, has not appealed the finding of permanent neglect against him.

standing the complex needs of young children and the record bears out the fact that, despite petitioner's best efforts, respondent's grasp of her responsibilities did not improve. We note that respondent offered no testimony on her own behalf. The record amply justifies petitioner's decision to terminate respondent's parental rights to protect the welfare of the children.

Cardona, P. J., Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petitions against respondent Nancy C.; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.