■ In the Matter of St. Christopher O., a Child Alleged to be Permanently Neglected. St. Lawrence County Department of Social Services, Respondent; Bernard O., Appellant. (And Two Other Related Proceedings.) In the Matter of St. Christopher O., a Child Alleged to be Permanently Neglected. St. Lawrence County Department of Social Services, Respondent; Olga P., Appellant. (And Two Other Related Proceedings.) [611 NYS2d 930] —White, J. Appeals from an order of the Family Court of St. Lawrence County (Nelson, J.), entered August 7, 1992, which granted petitioner's applications, in six proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected and terminated their parental rights.

In October 1989, following a fact-finding hearing, Family Court found that respondent Bernard O. had sexually abused his two daughters and that he and respondent Olga P., his wife, had neglected all three of their children, then ages eight, five and three. Thereafter, by letter decision, Family Court continued placement of the children with petitioner and approved a supervised visitation plan. Subsequently, it suspended respondents' visitation and issued several orders extending placement. In June 1991 petitioner commenced these proceedings seeking to terminate respondents' parental rights. At the conclusion of a fact-finding hearing, Family Court found the children to be permanently neglected by respondents and, after a dispositional hearing, terminated respondents' parental rights. These appeals ensued.

The threshold determination in any permanent neglect proceeding is whether the child care agency discharged its statutory duty to exercise diligent efforts to strengthen and nurture the parent-child relationship (see, Matter of Gregory B., 74 NY2d 77, 86; see also, Social Services Law § 384-b [7] [f]). Such efforts must include counseling, making suitable arrangements for visitation, providing assistance to parents to resolve or ameliorate the problems preventing discharge of

the children to their care and advising the parents of the children's progress and development *(see, Matter of Albert T., 188 AD2d 934, 936).*

Here, between November 1989 and June 1991, the caseworkers assigned to this matter had approximately 31 meetings and 17 phone conversations with respondents wherein they urged respondents to seek mental health counseling and attend parenting classes. In addition, respondents were provided with homemaking services. Despite these efforts, respondents failed to learn appropriate parenting skills due to their uncooperative attitude and refused mental health counseling. Where, as here, an agency's reasonable attempts to nurture the parent-child relationship are opposed or met with indifference by uncooperative and recalcitrant parents, the agency shall be deemed to have met its statutory duty *(see, Matter of John S.,* 199 AD2d 836, 837; *Matter of John ZZ.,* 192 AD2d 761).*

Moreover, respondents had a duty to plan for the future of their children which, at a minimum, required them to address and overcome the "specific personal and familial problems which initially endangered or proved harmful to the child[ren]" *(Matter of Tammy B.,* 185 AD2d 881, 882, *lv denied* 81 NY2d 702; *see, Matter of Nathaniel T.,* 67 NY2d 838, 840). Respondents shunned this responsibility because, despite petitioner's repeated efforts, they made no attempts to address their involvement in the sexual abuse of their children.

Accordingly, based upon the foregoing clear and convincing proof, and because the children are entitled to a permanent and stable home after having been in foster homes for nearly five years, Family Court's determination to terminate respondents' parental rights was in the children's best interests *(see, Matter of Grace Q.,* 200 AD2d 894; *Matter of Devon C.,* 186 AD2d 738, 739). Respondents' remaining claims have been considered and found lacking in merit. Thus, we affirm.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.