■ In the Matter of ELIZABETH Q. and Others, Children Alleged to be Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY Q., Appellant. (Proceeding No. 1.) In the Matter of DONALD Q., a Child Alleged to be Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY Q., Appellant. (Proceeding No. 2.) [627 NYS2d 827] —Peters, J. Appeals from two orders of the Family Court of Schenectady County (Reilly, Jr., J.), entered October 19, 1992, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate three of respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Elizabeth Q. (born in 1981), Raymond Q. (born in 1983) and Donald Q. (born in 1985). In April 1986, Elizabeth and Raymond were adjudicated to be neglected, as was Donald in January 1989. All three children

were placed in foster care. Permanent neglect proceedings were thereafter commenced concerning Elizabeth and Raymond in 1989 and Donald in 1990.

During the hearings spanning from October 24, 1989 through October 8, 1991, testimony was adduced from respondent, petitioner's caseworkers, the foster parents and the mental health professionals involved with this family from as early as 1986. At the conclusion thereof, Family Court found all three children to be permanently neglected and, after a dispositional hearing concerning Elizabeth and Raymond, terminated respondent's parental rights. With respect to Donald, Family Court found that there was clear and convincing evidence that respondent suffered from a mental illness which renders her unable to provide proper and adequate care for him both now and for the foreseeable future. Parental rights were accordingly terminated. Respondent appeals.

It is well settled that the initial inquiry in a permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise "diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]; see, Matter of Shannon U., 210 AD2d 752; Matter of Mary S., 182 AD2d 1026). Here, the record reflects that petitioner identified the problems facing respondent and embarked upon "affirmative, repeated, and meaningful efforts to assist" her in overcoming them (Matter of Sheila G., 61 NY2d 368, 385), taking into account respondent's mental acuity when formulating and implementing the plans (see, Matter of Sarah B., 203 AD2d 747).

The testimony of petitioner's caseworkers establishes that they repeatedly scheduled meetings with respondent, which directly addressed objectives for herself and the children, arranged for counseling and offered financial, budgeting and transportation assistance. Despite petitioner's repeated efforts, which included offers of transportation to bring the children to respondent's home to facilitate visitation, respondent failed to meaningfully participate in meetings, counseling and visitation. The record further reflects that petitioner would reject telephone calls from Elizabeth without excuse. Moreover, in light of respondent's animosity toward petitioner, her caseworker attempted, on more than one occasion, to encourage visitation by changing the site people who supervised visitation.

Hence, where, as here, petitioner's efforts to nurture the parent-child relationship are met with an uncooperative and

recalcitrant parent who is unable to put aside her personal anger and frustration to recognize her children's problems, petitioner "should nevertheless be deemed to have fulfilled its duty. The statute itself speaks of 'reasonable attempts' to foster the parent-child relationship, and a diligent undertaking will serve to fulfill this requirement" (*Matter of Sheila G., supra,* at 385; *see, Matter of St. Christopher O.,* 204 AD2d 765, *lv denied* 84 NY2d 805; *Matter of John S.,* 199 AD2d 836). We find that petitioner had embarked upon and fulfilled such diligent undertaking.

As to respondent's contention that petitioner failed to establish by clear and convincing evidence that the children were permanently neglected, we find no merit. Noting that it must be shown that the parent, whose children have been in the care and custody of an authorized agency, has failed for a period of more than one year to "substantially and continuously or repeatedly * * * maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]), " 'contact and planning are alternative elements, and proof of failure to perform one is sufficient to sustain a finding of permanent neglect' " (*Matter of Shannon U.,* 210 AD2d 752, 754, *supra,* quoting *Matter of Scotty C.,* 154 AD2d 784, 786, *lv denied* 75 NY2d 707).

Despite her obvious love for these children, the evidence indicates that respondent failed to plan for their future by her failure to address her own problems, as well as those clearly evident in her children. Elizabeth has been diagnosed with overanxious disorder of childhood caused by tremendous turmoil and lack of predictability in the early years of her life. Donald has been diagnosed with attention deficit disorder, adjustment disorder, physical and emotional impairment, and developmental deprivation with regard to motor skills, warranting his placement in specialized foster care. Through the testimony of both a psychologist and a psychiatrist who examined respondent (*see,* Social Services Law § 384-b [6] [c], [e]), the record reflects that she has been diagnosed with a paranoid personality disorder which renders her unable to provide adequate physical and emotional care for her family.

Even taking into consideration the mental health issues raised herein, the record reveals that petitioner repeatedly attempted to educate respondent about the special needs of her children and that respondent failed to recognize and address them appropriately. To the extent that respondent's testimony indicated otherwise, this merely presented a credibility issue which Family Court resolved in petitioner's favor (*see, Matter*

*of Shannon U., supra; Matter of Gina RR.,* 197 AD2d 757). Hence, we find that there is clear and convincing evidence to support Family Court's determination (*see, Matter of Sarah B.,* 203 AD2d 747, *supra*).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.