In the Matter of TANYA P., a Child Alleged to be Permanently Neglected. BARBARA F., Appellant; CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [631 NYS2d 950] —Order unanimously affirmed without costs. Memorandum: Family Court's finding of permanent neglect is supported by clear and convincing evidence that, despite diligent efforts by petitioner to encourage and strengthen the parent-child relationship, respondent failed to plan for the future of her child for a period of more than one year following the child's placement with petitioner although physically and financially able to do so *(see,* Social Services Law § 384-b [7] [a]; *Matter of Gregory B.,* 74 NY2d 77, 86-87; *Matter of Star Leslie W.,* 63 NY2d 136, 142-143; *Matter of Raymond B.,* 219 AD2d 800 [decided herewith]; *Matter of Matthew Thomas H.,* 216 AD2d 882). Petitioner engaged in meaningful efforts to assist respondent in planning for the return of the child by making arrangements for weekly visitation and counseling and mental health evaluations for respondent and the child, and by meeting monthly with respondent to assess her progress in meeting goals that were set to permit the return of the child. Petitioner identified the problems facing respondent and made "affirmative, repeated, and meaningful efforts" to assist respondent in overcoming them *(Matter of Sheila G.,* 61 NY2d 368, 385; *see, Matter of Shannon U.,* 210 AD2d 752, 754, *lv denied* 85 NY2d 807). Although respondent maintained regular contact with

the child and generally cooperated with petitioner's caseworkers, there is clear and convincing evidence in the record that the progress of respondent was minimal and superficial and that she failed to avail herself of the continuing opportunities to allow her to reunite with the child. The fact that respondent suffers from some emotional impairment does not preclude a finding of permanent neglect *(see, Matter of Dixie Lu EE.,* 142 AD2d 747, 749). Respondent's mental or emotional disability is not the equivalent of physical inability for purposes of Social Services Law § 384-b (7) *(see, Matter of Candie Lee W.,* 91 AD2d 1106, 1107). The record establishes that respondent has failed to take the " 'steps [necessary] to correct the conditions that led to the removal of the child from the * * * home' " *(Matter of Nathaniel T.,* 67 NY2d 838, 840).

Lastly, the record supports the court's determination that termination of respondent's parental rights is in the child's best interests *(see, Matter of Star Leslie W., supra,* at 147-148; *Matter of Tiffany D.,* 217 AD2d 968). (Appeal from Order of Chautauqua County Family Court, Ward, J.—Permanent Neglect.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.