■ In the Matter of MICHELLE F., and Others, Children Alleged to be Permanently Neglected. COMMISSIONER OF THE CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW G. et al., Appellants. [635 NYS2d 709] —Crew III,

J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered January 21, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children permanently neglected, and terminated respondents' parental rights.

Respondents Matthew G. (hereinafter the father) and Joann G. (hereinafter the mother) are the parents of eight children, Michelle (born in 1981), Jennifer (born in 1983), Denise (born in 1984), Beverly (born in 1985), Lois (born in 1986), Matthew, Jr. (born in 1988), Joann (born in 1989) and Megan (born in 1990). In December 1987, a neglect petition was filed against respondents; it appears that the mother consented to a finding of neglect and the father was granted an adjournment in contemplation of dismissal. Thereafter, in March 1989, an abuse and neglect petition was filed against respondents with respect to Michelle, Jennifer, Denise, Beverly, Lois and Matthew, Jr., and Family Court found, *inter alia*, that these children had been physically abused by respondents and sexually abused by the father.* The children were placed in petitioner's custody, as were Joann and Megan following their respective births, and it appears that extensions of placement were granted at appropriate intervals.

Petitioner subsequently commenced this proceeding against respondents in February 1993 alleging that respondents' children were permanently neglected children and seeking to terminate respondents' parental rights. Following a hearing, Family Court found that petitioner had established, by clear and convincing evidence, that respondents had permanently neglected their children and thereafter terminated respondents' parental rights. Respondents now appeal.

It is well settled that "[t]he threshold inquiry in any permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship" (*Matter of Shannon U.*, 210 AD2d 752, 753, *lv denied* 85 NY2d 807; *see, Matter of Elizabeth Q.*, 216 AD2d 628, *lv denied* 86 NY2d 706). This requirement, in turn, compels the petitioning agency to attempt reasonable and practical means to "encourage a meaningful relationship between the parent and his or her children and includes providing counseling, making suitable

---

* Family Court's findings in this regard were affirmed by this Court on appeal (*Matter of Michelle I.*, 189 AD2d 998).

arrangements for visitation with the children, providing services and other assistance aimed at ameliorating or resolving the problems preventing discharge of the children to the parent's care, and keeping the parent informed of the children's progress and development" (*Matter of Shannon U., supra,* at 753; *see, Matter of St. Christopher O.,* 204 AD2d 765, 765-766, *lv denied* 84 NY2d 805; *see also,* Social Services Law § 384-b [7] [f]). Based upon our review of the record as a whole, we are satisfied that petitioner fulfilled its statutory obligation.

The primary obstacle preventing the return of respondents' children was respondents' repeated and consistent refusal to acknowledge the father's sexual abuse of certain of their children. In this regard, the record indicates that despite petitioner's attempts to get the father into counseling, he steadfastly denied that he sexually abused any of the children and refused to accept responsibility for his actions. Similarly, the mother refused to acknowledge that the sexual abuse had in fact occurred. Simply stated, although respondents did cooperate with the agency to some degree and made limited progress in other areas, respondents nevertheless failed to address and overcome the primary problem that led to the children's removal in the first instance (*see, Matter of St. Christopher O., supra,* at 766; *Matter of Crystal Q.,* 173 AD2d 912, 913, *lv denied* 78 NY2d 855).

Although the father contends that petitioner was required to offer him an alternative form of counseling, this Court previously has held that where, as here, there has been an adjudication of sexual abuse, the petitioning agency is not obligated to accommodate the offending parent's refusal to admit his or her role in the abuse by formulating an alternative plan, i.e., one that would permit the offending parent to receive treatment without admitting that such abuse did in fact occur (*see, Matter of Kayte M.,* 201 AD2d 835, 836, *lv denied* 83 NY2d 757; *compare, Matter of Charlene TT.,* 217 AD2d 274). As for the mother's assertion that she was not specifically advised that separating from the father would have enhanced her chances of having the children returned to her, the record plainly reveals that it was her continued refusal to acknowledge the abuse, not any inadequacies in petitioner's plan, that ultimately prevented her from being reunited with the children (*see, Matter of Kayte M., supra,* at 836). Respondents' remaining contentions, including their assertion that termination was not in the children's best interest, have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.