■ In the Matter of ASHLEY JJ., a Child Alleged to be Permanently Neglected. GREEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAYMOND JJ., Appellant. [640 NYS2d 314] —Crew III, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered December 16, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological father of Ashley JJ. (born in 1991). On January 10, 1992, when Ashley was approximately two months old, she was admitted to the hospital where she was found to be suffering from life-threatening injuries, including, *inter alia*, 11 broken ribs. According to the record, Ashley's injuries were consistent with battered child or shaken

baby syndrome. Ashley remained in the hospital for approximately three weeks and, upon her discharge, was placed in foster care, where she has remained ever since.

Petitioner filed an abuse petition against respondent and the child's mother, and it appears that on January 25, 1993 respondent stipulated in Family Court that he had abused Ashley. The following day, respondent pleaded guilty in criminal court to one count of reckless endangerment in the second degree and was sentenced to one year in jail. By amended petition dated February 28, 1994, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights. Following a lengthy hearing, at which respondent appeared and testified, Family Court found that petitioner had established, by clear and convincing evidence, that respondent had permanently neglected Ashley and thereafter terminated respondent's parental rights. This appeal by respondent followed.

We affirm. Initially, we reject respondent's assertion that petitioner failed to discharge its statutory duty to exercise diligent efforts to strengthen and encourage the parental relationship (*see, Matter of Michelle F.*, 222 AD2d 747, 748). In this regard, it is well settled that the petitioning agency in a permanent neglect proceeding is required to attempt reasonable and practical means to encourage a meaningful relationship between the parent and his or her child and that such efforts must include, at a minimum, providing services aimed at ameliorating or resolving the problems preventing the discharge of the child to the parent's care (*see, Matter of Shannon U.*, 210 AD2d 752, 753, *lv denied* 85 NY2d 807; *see also*, Social Services Law § 384-b [7] [f]). Based upon our review of the record as a whole, we are satisfied that petitioner fulfilled its statutory obligation here.

Petitioner's witnesses testified, and respondent essentially conceded, that petitioner provided respondent with a parent aide, enrolled him in a parenting class, arranged for him to receive individual counseling by a trained psychologist, scheduled regular visitations with Ashley and, in many instances, provided transportation for these services.* The record further reflects, however, that although respondent often was cooperative, he made limited progress, failed to acquire the skills necessary to effectively parent Ashley and, most significantly, did not succeed in gaining control over his anger

---

* Petitioner's efforts in this regard continued while respondent was incarcerated until respondent indicated that he no longer wished to avail himself of such services.

which, it may be gleaned from petitioner's case records, was the primary obstacle preventing Ashley's return to him. Simply stated, despite petitioner's efforts, respondent failed to address and overcome the problems that led to Ashley's removal in the first instance (*see generally, Matter of Michelle F.*, *supra*, at 749; *Matter of Tammy B.*, 185 AD2d 881, 882, *lv denied* 81 NY2d 702).

Similarly, we have no quarrel with Family Court's finding that respondent failed to plan for Ashley's future or its conclusion that termination of respondent's parental rights was in Ashley's best interest. In this regard, it is noteworthy that respondent, notwithstanding his prior guilty plea, testified at the fact-finding hearing conducted in this matter that he did not shake Ashley on the dates in question and denied any knowledge regarding how Ashley's injuries occurred. Additionally, respondent conceded that he was unable to care for Ashley by himself. Under these circumstances, Family Court's decision to terminate respondent's parental rights was fully supported by the record.

As a final matter, we cannot say that Family Court erred in denying respondent's mid-hearing request for a new attorney. It is well settled that in the context of a criminal matter, an indigent defendant "may be entitled to new assigned counsel upon a showing of good cause, such as a conflict of interest or other irreconcilable conflict with trial counsel" (*People v Lashway*, 187 AD2d 747, 749, *lv denied* 81 NY2d 842; *see, People v Sides*, 75 NY2d 822, 824). When faced with such a request, it is incumbent upon the trial court "to make 'some minimal inquiry' to determine whether the request has a 'genuine basis' " (*People v Frayer*, 215 AD2d 862, 863 [quoting *People v Sides*, *supra*, at 825], *lv denied* 86 NY2d 794).

Applying these principles to the matter before us (*see, Matter of William D.*, 198 AD2d 40, *lv denied* 83 NY2d 756), the record reflects that upon learning that respondent desired new assigned counsel, Family Court questioned respondent regarding the basis for his request and explored the circumstances surrounding the alleged conflict between respondent and trial counsel, thereby satisfying the "minimal inquiry" test. Additionally, the record fails to support respondent's assertion of a total breakdown in communication and lack of trust between himself and trial counsel, and whatever conflict may have existed was not so great as to warrant assigning him a new attorney. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.