■ In the Matter of TASHA LL. and Others, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBIN NN., Appellant. [642 NYS2d 447] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered December 13, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of four minor children who are the subjects of this permanent neglect proceeding, Tasha LL. (born in 1978), Phillip MM. (born in 1981), Mark MM. (born in 1982) and David MM. (born in 1984), who have been in foster care since August 1991. In October 1990, a neglect petition was filed against respondent and her husband alleging that the children were neglected. The petition alleged that the husband hit the boys with his hands and other objects on their faces and other parts of their bodies, and that the children were in fear of him. It was also alleged that respondent was often present during these incidents but did nothing and failed to protect the children. On January 4, 1991 the petition was sustained against respondent and her husband and, although the children were placed under the supervision of petitioner, they were permitted to remain in the home.

The four children were placed in foster care in August 1991 when Tasha revealed that there were multiple acts of sexual abuse, sodomy and rape allegedly perpetrated against her by the husband. Her disclosure was followed by a petition filed on August 29, 1991 against respondent and the husband alleging that he sexually abused Tasha, that he had engaged in excessive corporal punishment of the children and that respondent had failed to protect the children from the husband's actions. On February 3, 1992 Family Court entered a consent finding of abuse against the husband. He was also convicted in County Court of rape and sodomy regarding his abuse of Tasha for which he was sentenced to $2^1/2$ to 5 years' imprisonment. Respondent was adjudged to have neglected the children by reason of her failure to protect the children, including her continual denial that the sexual abuse of Tasha had occurred and for failing to plan for the children's future. The children remained in foster care and after a dispositional hearing were freed for adoption upon consent of the court.

On appeal, respondent contends that petitioner did not establish by clear and convincing evidence that it had fulfilled its statutory duty to exercise diligent efforts to strengthen the parental relationship, including providing appropriate services for respondent because of her lack of education, her impoverishment and the difficulties in her life. We disagree. The order of Family Court should be affirmed.

The record sustains Family Court's finding that petitioner made diligent efforts to reunite respondent with her children. The caseworkers consulted with her in developing an appropriate plan of services. Ample visitation was made available to her up to the point that Family Court suspended visitation because of the disruptive effects respondent caused the children through her inappropriate discussions with them. Respondent was kept informed of the progress and development of her children and she admittedly was informed of her need to learn to protect her children from abuse.

Caseworker Frank Tiberia described that the primary element of the plan for services for the family was the successful completion of the program for nonoffending parents of sexually abused children. He testified that he regularly met with respondent to discuss this service plan and to encourage her participation. The purpose of the program is to teach parents how to be protective of their children in order to prevent future abuse. Respondent indicated to Tiberia that she would have her husband back with her after he was paroled from prison.

Jean Steiner, a mental health therapist for family services,

ran the nonoffending parents program. The evidence provided by Steiner showed that respondent failed to attend this program when it was offered to her in April 1992 and attended only once when she started in the program in July 1992. She enrolled again in January 1993 but, according to Steiner, her participation was minimal. Respondent's program evaluation was mostly poor. She was not willing to do the things necessary for another enrollment in the nonoffending parents group. She chose to enter the adult survivors group instead. She vacillated between commitment and refusal to participate in the programs offered.

The evidence indicated that the services arranged for respondent were tailored to remedy her parenting deficiencies, particularly her failure to protect her children. She was offered one-on-one counseling and petitioner showed flexibility in working with her. When she testified at the hearing, she did not complain that the arranged services were inappropriate in terms of content, format or her own intellectual or psychological capacity.

Upon this record we conclude that petitioner satisfactorily fulfilled its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (see, Matter of Michelle F., 222 AD2d 747, 749). Significantly, the Law Guardian for the children opined that petitioner acted with diligence in its efforts to reunite the family and that the "mother wholly failed to plan for her children as required although having the opportunity to do so". It was respondent's continuing refusal to acknowledge the sexual abuse by her husband for a long period, and then only qualifiedly, rather than any inadequacies in petitioner's plan that prevented her from being reunited with her children (see, supra, at 749; see also, Matter of Kayte M., 201 AD2d 835, lv denied 83 NY2d 757).

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.