■ In the Matter of BILLIE JEAN II., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAY II., Appellant. [662 NYS2d 637] —Peters, J. Appeal from an order of the Family Court of Otsego County (Humphreys, J.), entered June 10, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

In a prior proceeding pursuant to Family Court Act article 10, respondent's daughter was found to be neglected and was placed in foster care. We affirmed Family Court's neglect determination concerning respondent based upon his failure to provide the child with proper supervision and guardianship, misuse of alcoholic beverages and a history of domestic violence (see, Matter of Billie Jean II., 226 AD2d 767). In this proceeding, the child was found to be permanently neglected based upon respondent's failure to plan for her future, although physically and financially able to do so (see, Social Services Law § 384-b [7] [a]). On appeal, respondent* contends that petitioner failed to make diligent and meaningful efforts to reunite him with his daughter.

Mindful that the threshold issue in a permanent neglect proceeding is whether the petitioner agency has exercised diligent efforts to strengthen the parental relationship (see, Matter of Star Leslie W., 63 NY2d 136, 142), we find that this record overwhelmingly supports the determination rendered. Petitioner established an appropriate service plan addressing the problems which led to this child's removal; respondent was required to complete an alcohol abuse evaluation, attend domestic violence counseling and cooperate with parent and homemaker aides. Respondent failed to attend service plan reviews or participate in any of the offered services. While he essentially complied with biweekly visitation, regrettably his conduct was so inappropriate that it only served to alienate the already strained relationship that he had with his daughter. At one visitation, he advised the caseworker, in the child's presence, that the child should be placed for adoption because her mother was pregnant again. On another occasion, he advised the child that he had changed her name on her birth certificate and provided her with presents bearing the new name.

---

* At the dispositional hearing, the child's mother signed a judicial surrender of her rights, subject to limited contact, pursuant to Social Services Law § 383-c (3). She did, however, retain her right to appeal the underlying determination of permanent neglect. Having failed to so appeal, we address only respondent's contentions.

As to his claim that he did not need the services offered since it was the child's mother who initiated the domestic violence and the abuse of alcohol, we find this denial of culpability or responsibility for the conditions which led to the child's removal patently absurd. "It was respondent's intractability * * * not any inadequacies in petitioner's plan, that prevented respondent from being united with his [child]" (*Matter of Jesus JJ.*, 232 AD2d 752, 754, *lv denied* 89 NY2d 809 [citation omitted]).

We similarly reject respondent's contention that despite his failure to utilize the programs and services offered, petitioner's efforts were lacking since it failed to attempt to identify and treat the alleged trauma which caused the child to resist visitation. Had respondent complied, in any real sense, with the service plan offered, we would consider the contention. However, the mere cleaning of his home and participation in biweekly visits with his daughter is simply not enough. "[C]ontact and planning are alternative elements, and proof of failure to perform one is sufficient to sustain a finding of permanent neglect" (*Matter of Scotty C.*, 154 AD2d 784, 786, *lv denied* 75 NY2d 707).

With petitioner having satisfactorily fulfilled its obligation to exercise diligent efforts to strengthen and encourage the parental relationship, we find that Family Court properly terminated respondent's parental rights and freed this child for adoption (*see, Matter of Tasha LL.*, 227 AD2d 795, *lv denied* 88 NY2d 813).

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.