■ In the Matter of RICHARD W., a Child Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOSEFA W., Respondent. [696 NYS2d 298] —Mugglin, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered August 26, 1996, which dismissed petitioner's application, in a proceeding pur-

---

suant to Social Services Law § 384-b, to adjudicate Richard W. a permanently neglected child.

Respondent, a native of Poland, emigrated to the United States in 1974 when she was 29 years of age. She met and married her husband and gave birth to her son, Richard W., in 1984. Respondent's husband died unexpectedly when Richard was approximately four years of age. Richard was removed from respondent's care in June 1990 when respondent failed to cooperate with previous orders of supervision and protection. In November 1991, he was adjudicated to be a neglected child, exhibiting delayed and infantilized behavior, and was extended in the care and custody of petitioner.

On January 27, 1994, petitioner initiated this proceeding alleging that, despite petitioner's efforts, respondent had failed for more than one year following the placement of the child in petitioner's care to maintain contact with or to plan for the future of Richard, although physically and financially able to do so. The petition contains allegations, *inter alia*, that respondent evidenced bizarre and inappropriate behaviors, made inappropriate decisions regarding the care and safety of Richard and continued to communicate primarily in Polish with Richard, which he did not understand. Fact-finding hearings were held on 11 dates between July 6, 1994 and February 26, 1996, at which testimony was adduced from petitioner's caseworkers. At the conclusion of the last hearing, Family Court rendered a bench decision. A reading of this decision in its entirety leads to the conclusion that Family Court would have terminated parental rights on the basis that respondent is mentally retarded, and therefore not able to provide adequate care for the child, if there had been clear and convincing evidence presented (*see, Matter of Michael E.*, 241 AD2d 635; *see also, Matter of Kathleen OO.*, 260 AD2d 967).

Recognizing, however, that this was not the basis upon which the petition was brought, Family Court analyzed the testimony and concluded that petitioner had failed to prove by clear and convincing evidence that Richard is a permanently neglected child. Family Court dismissed the petition but continued Richard in the care and custody of the petitioner for an additional year. Petitioner appeals.

"It is well settled that the initial inquiry in a permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise 'diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child' (Social Services Law § 384-b [7] [a]; *see, Matter of Shannon U.*,

210 AD2d 752, *lv denied* 85 NY2d 807; *Matter of Mary S.*, 182 AD2d 1026)" (*Matter of Elizabeth Q.*, 216 AD2d 628, 629, *lv denied* 86 NY2d 706). In this regard, petitioner must not only identify the problems facing respondent, but must make "affirmative, repeated and meaningful efforts to assist" her in overcoming them (*Matter of Sheila G.*, 61 NY2d 368, 385), taking into account respondent's mental acuity when formulating and implementing the plans (*see, Matter of Sarah B.*, 203 AD2d 747).

If petitioner is successful on the threshold issue, then the inquiry turns to whether respondent has failed for a period of more than one year to "substantially and continuously or repeatedly * * * maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]). In this regard, " 'contact and planning are alternative elements, and proof of failure to perform one is sufficient to sustain a finding of permanent neglect' " (*Matter of Shannon U., supra*, at 754, quoting *Matter of Scotty C.*, 154 AD2d 784, 786, *lv denied* 75 NY2d 707).

We are of the opinion that petitioner has not established by clear and convincing evidence that it discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship, nor has it established by clear and convincing evidence that respondent failed to maintain contact with or plan for the child's future. The record reflects that petitioner failed to adequately address respondent's language difficulty. Richard was removed from a home where Polish was spoken and placed in foster care where English was spoken. Over the years, the record reflects that respondent and her child had difficulty communicating. Despite this fact, petitioner supplied an interpreter for only portions of the supervised periods of visitation.

Petitioner did arrange for respondent to attend classes to learn English, but the record does not reflect that petitioner did anything to insure that respondent stayed enrolled in these classes despite this being a crucial issue in the case. Moreover, while it was recommended that petitioner provide the services of a Polish speaking therapist for respondent, it appears that this recommendation was ignored for months until it was court ordered and that no such therapy was ever provided. Petitioner's efforts to strengthen the relationship, therefore, failed to adequately address respondent's special needs (*see, Matter of Michael E.*, 241 AD2d 635, *supra*).

In addition, petitioner failed to prove by clear and convincing

evidence that respondent failed to plan for Richard.* The record shows that, for the most part, respondent complied with the service plan put in place in that she attended and completed a parenting course, attended English classes and treatment review meetings, and maintained a suitable home to which Richard could visit and return.

The order of the Family Court is therefore affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Petitioner concedes that respondent maintained contact with her child.