■ In the Matter of KAITLYN R. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER S., Appellant. [719 NYS2d 760] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 22, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of four children, Michael (born in 1991), Anthony (born in 1994) and Kaitlyn and Dommiss (twins born in 1996). The children have been in foster care since December 1997 after they were adjudicated neglected based on Family Court's findings of domestic violence by both respondent and the twins' father. Thereafter—in October 1998—respondent was adjudicated to have sexually abused Michael and derivatively neglected the other children (see, *Matter of Kaitlyn R.*, 267 AD2d 894). Petitioner established a service plan to strengthen the parental relationship while the children remained in foster care whereby respondent was required, *inter alia*, to attend a domestic violence support group, parenting classes, facilitated visitation with the children, counseling and sex offender treatment.

Although respondent participated in all of the programs and services required, she failed to successfully complete the sex offender program because she refused—and continues to refuse—to admit the abuse. Thereafter petitioner commenced this proceeding, seeking an adjudication that respondent's children are permanently neglected and an order terminating respondent's parental rights pursuant to Social Services Law § 384-b. After a fact-finding hearing, Family Court found that

petitioner had made diligent efforts to strengthen the bond between respondent and her children but that respondent had failed to adequately plan for the children's future due to her sporadic continuing relationship with the twins' father, her refusal to acknowledge the sexual abuse of Michael and her failure to demonstrate progress in her parenting skills. As a result, the court adjudicated all four of the children to be permanently neglected.

At the dispositional hearing, respondent's attorney expressed respondent's willingness to allow Michael to be adopted by her parents, with whom he and Anthony currently reside. Additionally, respondent testified that she wanted Michael to remain with her parents. She sought the return of the three younger children or, in the alternative, a suspended judgment. Family Court Ordered the termination of respondent's parental rights with respect to all four children. Respondent appeals.

"The threshold inquiry in any permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship [citations omitted]" (*Matter of Shannon U.*, 210 AD2d 752, 753, *lv denied* 85 NY2d 807; *see, Matter of Michelle F.*, 222 AD2d 747, 748). With respect to Family Court's finding of permanent neglect here, respondent challenges only this threshold determination. Specifically, respondent contends that in order to fulfill its statutory obligation of encouraging a meaningful relationship between her and her children, petitioner was obligated to refer her to a sex offender program which was not predominately male after respondent complained to her caseworker that she was uncomfortable being the only female in the group. Notably, the record reveals that respondent attended all of the required sessions in the program which petitioner asked her to attend but nevertheless failed to complete the program due to her unwillingness to admit to the sexual abuse. According to her own testimony, she was—and remains—unwilling to admit to the abuse because she maintains her innocence, rather than because of any discomfort she experienced in group therapy. In any event, her caseworker did inform respondent that she could attend a group at an alternate location but respondent failed to take advantage of that opportunity.

Inasmuch as "requiring [the offending parent] to attend and successfully complete a program for adjudicated sex offenders [is] entirely appropriate" (*Matter of Kayte M.*, 201 AD2d 835, 836, *lv denied* 83 NY2d 757) and "the petitioning agency is not obligated to accommodate the offending parent's refusal to

admit his or her role in the abuse by formulating an alternative plan" (*Matter of Michelle F.*, supra, at 749), we find no error in Family Court's conclusion that petitioner appropriately addressed the issue of sexual abuse and thereby made sufficient and diligent efforts to encourage and strengthen respondent's relationship with her children. There is no dispute that petitioner's other efforts to improve respondent's relationship with her children through facilitated visitation, counseling, and a variety of classes were sufficient to meet its obligation of fostering the relationship between respondent and the children (*see, Matter of Richard W.*, 265 AD2d 685, 686; *Matter of Elizabeth Q.*, 216 AD2d 628, 629, *lv denied* 86 NY2d 706).

Respondent's challenge to Family Court's dispositional order is twofold—she alleges that Family Court improperly failed to set forth findings of fact in its decision and erred in determining that termination of her parental rights was in her children's best interests. Although respondent is correct in asserting that each decision of a court should state the facts essential to its determination (*see,* CPLR 4213 [b]; *Matter of Jose L. I.*, 46 NY2d 1024, 1025-1026), where—as here—the record is sufficiently complete, this Court may exercise its factual review power without remitting the matter to Family Court for an adequate statement of the pertinent facts (*see, Matter of Jose L. I.*, supra, at 1026; *Matter of Kelly G.*, 244 AD2d 709, 709-710). Upon our review of the record, we conclude that termination of respondent's parental rights with respect to all four children is in the best interests of the children (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148).

"It is well settled that termination of parental rights is justified when an agency presents clear and convincing evidence that it has made diligent efforts to reunite a family and that, despite those efforts, the parent facing termination has not met those goals and objectives [citations omitted]" (*Matter of Sadie K.*, 249 AD2d 640, 641). Once the agency demonstrates that it has made diligent efforts to reunite the family, the parent facing termination must show a meaningful plan for the children's future, including that he or she has addressed the problems that caused the removal (*see, id.*, at 642; *Matter of John F.*, 221 AD2d 858, 859-860, *lv denied* 88 NY2d 811). "Thus, where a parent mandated by Family Court to enter or remain in a sex-offender program refused to do so, this Court has determined that that parent had not adequately planned for the future [citations omitted]" (*Matter of Sadie K.*, supra, at 642).

Here, the counselor who worked with respondent and

Michael testified that she was treating Michael for inappropriate sexual behavior, encopresis, anger and grief. She also worked with respondent to try to help her develop a nurturing and supportive relationship with Michael, including the identification of respondent's own role in creating Michael's problems. The counselor testified that, in her opinion, respondent benefitted only marginally from the counseling and that at times she continued to reveal a lack of insight and empathy to Michael's condition. Significantly, respondent testified repeatedly that she has not and will not ever admit to abusing her son. In our view, respondent's refusal to accept responsibility for actions which have so detrimentally impacted her son evinces an inability to recognize and respond to the needs of Michael as well as the other children (*see, Matter of Sadie K., supra,* at 641; *Matter of Michelle F.,* 222 AD2d 747, 749, *supra*).

Moreover, record evidence exists supporting the conclusion that, despite successfully completing all but the sex offender program, respondent did not make any significant progress in improving her parenting skills during the two years her children have spent in petitioner's custody. Respondent's caseworker testified that respondent was not effectively using the skills that she was taught in parenting classes and that she frequently dealt inappropriately with her children's behavioral problems during supervised visitation, by, for example, pushing them away, making negative statements and threatening to leave. The caseworker ultimately concluded that respondent is unable to deal effectively with her children's special needs and behavioral problems. In addition, it is apparent from the record that at times respondent remained unable to deal in a nonconfrontational way with those entrusted with her children's care. Thus, we conclude that despite petitioner's efforts, respondent has demonstrated an inability to apply the personal and parenting skills taught in the programs in which she participated (*see, Matter of Ashley E.,* 271 AD2d 764, 766).

Significantly, even after respondent completed several programs directed at helping her avoid domestic violence, she continued her relationship with the twins' father with whom she had a history of continuing domestic violence which, on one occasion, had resulted in injury to Anthony. Although respondent has now terminated this relationship, her failure to do so for over six months following the completion of the domestic violence programs suggests that respondent may not have benefitted a great deal from such services (*see, Matter of Samantha ZZ.,* 221 AD2d 865, 866).

The original dispositional order removing respondent's chil-

dren from her custody required her to demonstrate the knowledge and skills taught in her parenting and domestic violence programs. The record evidence discussed previously, as well as the testimony at the dispositional hearing, establish that respondent has not demonstrated any significant improvement in this regard. Petitioner currently plans to have the older children adopted by their maternal grandparents, where they reside, and the younger children adopted by their foster parents. In light of the need for permanency for these young children who have been in foster care for over two years and respondent's failure to demonstrate significant improvements in her parenting abilities and any significant growth as a result of the domestic violence and sexual abuse program included in her service plan during that time, we conclude that termination of her parental rights with respect to all of the children is in the best interests of the children (*see, Matter of Jennifer VV.*, 241 AD2d 622, 624).

Peters, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.